[Cite as *State v. Laudato*, 2018-Ohio-696.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NOS. 2017-G-0131** |
| - vs - | : | **2017-G-0132** |
| | | **2017-G-0133** |
| PHILLIP M. LAUDATO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case Nos. 2016 C 000138, 2016 C 000181 and 2017 C 000030.

Judgment: Affirmed.

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Wesley C. Buchanan*, Buchanan Law, Inc.,12 East Exchange Street, 5th Floor, Akron, OH 44308 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Phillip M. Laudato, appeals his conviction for Engaging in a Pattern of Corrupt Activity. The issue before this court is whether a conviction for Engaging in a Pattern of Corrupt Activity is valid where certain predicate offenses have been dismissed as part of a plea agreement. For the following reasons, we affirm the decision of the court below.

**{¶2}** This consolidated appeal is taken from the following cases[1]:

### Geauga County Court of Common Pleas Case No. 16 C 000138

**{¶3}** On August 16, 2016, Laudato was indicted for Safecracking, a felony of the fourth degree in violation of R.C. 2911.31(A), and Vandalism, a felony of the fifth degree in violation of R.C. 2909.05(B)(1)(b). Laudato ultimately pled guilty to Vandalism.

**{¶4}** On July 17, 2017, Laudato received a prison term of ten months to be served concurrently with the sentence imposed in Case No. 16 C 000181.

### Geauga County Court of Common Pleas Case No. 16 C 000181

**{¶5}** On October 11, 2016, Laudato was indicted for four counts of Grand Theft, felonies of the third degree in violation of R.C. 2913.02(A)(1) and (B)(4). Laudato ultimately pled guilty to a single count of the lesser included offense of Grand Theft, a felony of the fourth degree in violation of R.C. 2913.02(A)(1).

**{¶6}** On July 17, 2017, Laudato received a prison term of twelve months to be served concurrently with the sentence imposed in Case No. 16 C 000138.

### Geauga County Court of Common Pleas Case No. 17 C 000030

**{¶7}** On February 22, 2017, Laudato was indicted for Engaging in a Pattern of Corrupt Activity, a felony of the first degree in violation of R.C. 2923.32(A)(1); seven counts of Burglary, felonies of the second degree in violation of R.C. 2911.12(A)(2); three counts of Grand Theft, felonies of the third degree in violation of R.C. 2913.02(A)(1) and (B)(4); five counts of Petty Theft, misdemeanors of the first degree in violation of R.C. 2913.02(A)(1); two counts of Theft, felonies of the fifth degree in

---

1. Although Laudato appealed his convictions in all three cases, on appeal he only raises arguments relative to his conviction for Engaging in a Pattern of Corrupt Activity in Case No. 17 C 000030.

2

violation of R.C. 2913.02(A)(2); four counts of Breaking and Entering, felonies of the fifth degree in violation of R.C. 2911.13(A); and three counts of Safecracking, felonies of the fourth degree in violation of R.C. 2911.31(A).

{¶8} On May 15, 2017, Laudato entered the following Plea Agreement:

The Defendant will plead guilty to Count 1, to wit: Engaging in a Pattern of Corrupt Activity, in violation of R.C. 2923.32(A)(1), a felony of the first degree, guilty to Count 2, to wit: Burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree, which is also amended to cover all the houses listed in the indictment; guilty to Count 15, to wit: Breaking and Entering, in violation of R.C. 2911.13(A), a felony of the fifth degree, which is also amended to cover all the businesses listed in the indictment; and guilty to Count 16, to wit: Safecracking, in violation of R.C. 2911.31(A), a felony of the fourth degree. The State will seek leave to dismiss the remaining counts.

{¶9} On July 17, 2017, Laudato received a prison term of eight years for Engaging in a Pattern of Corrupt Activity; four years for Burglary; ten months for Breaking and Entering; and fourteen months for Safecracking. The sentences for Breaking and Entering and Safecracking were ordered to be served concurrently with each other and consecutively with the sentences for Engaging in a Pattern of Corrupt Activity and Burglary, for an aggregate sentence of thirteen years and two months. The sentence in Case No. 17 C 000030 was further ordered to be served consecutively with the sentences in Case No. 16 C 000138 and Case No. 16 C 000181.

{¶10} On August 4, 2017, Laudato filed Notices of Appeal in all three cases which this court, sua sponte, consolidated on August 25, 2017. On appeal, Laudato raises the following assignment of error:

{¶11} "[1.] Phillip [Laudato] could not be convicted of engaging in a pattern of corrupt activity."

**{¶12}** Laudato argues that he could not be convicted of Engaging in a Pattern of Corrupt Activity because the State dismissed all but one of the underlying predicate acts charged in the Indictment and two or more such acts are necessary to sustain a conviction: "because there was only one predicate act, the trial court lacked the jurisdiction to convict [Laudato] and thus sentence [him] for engaging in a pattern of corrupt activity." Appellant's brief at 5; R.C. 2923.31(E) ("'[p]attern of corrupt activity' means two or more incidents of corrupt activity"). Laudato's argument is not well-taken.

**{¶13}** "Corrupt activity" is defined as "[c]onduct constituting * * * [a] violation of section * * * 2911.12 [Burglary], 2911.13 [Breaking and Entering], [or] 2911.31 [Safecracking] * * * of the Revised Code." R.C. 2923.31(I)(2)(a). "The 'two or more incidents of corrupt activity' do not need to be supported by convictions themselves," however, "it must appear beyond a reasonable doubt that such predicate acts occurred." *State v. Burkitt*, 89 Ohio App.3d 214, 222-223, 624 N.E.2d 210 (2d Dist.1993).

**{¶14}** The Indictment charging Laudato with Engaging in a Pattern of Corrupt Activity stated: "The predicate acts constituting the pattern of corrupt activity include, but are not limited to, violations of R.C. 2911.12 and R.C. 2913.02, as alleged in counts two through seven, nine, eleven, thirteen and twenty-one of this Indictment." Except for Count 2 (Burglary), the remaining Counts expressly identified as predicate offenses were dismissed.

**{¶15}** Contrary to Laudato's position, the Indictment did not limit the conduct constituting incidents of corrupt activity to "counts two through seven, nine, eleven, thirteen and twenty-one of this Indictment," but, instead, expressly stated that the

4

predicate acts were "not limited to" those enumerated Counts.  There is no reason, and none has been suggested to this court, why the Breaking and Entering and Safecracking convictions could not have served as predicate acts along with the Burglary conviction.

{¶16}  More fundamentally, the dismissal of certain enumerated crimes does not preclude them from serving as predicate acts given that "corrupt activity" is **conduct** constituting a violation of the Burglary, Breaking and Entering, or Safecracking statutes rather than **convictions** therefor.  *State v. Petty*, 9th Dist. Summit No. 19611, 2000 WL 1257802, *7 (Sept. 6, 2000) (rejecting defendant's argument "that because he was only convicted of trafficking in cocaine, there was only one 'incident of corrupt activity,' precluding a finding that a pattern of corrupt activity had taken place," as "the incidents of corrupt activity need not be supported by an actual conviction").

{¶17}  In the present case, the Count of Burglary to which Laudato pled guilty was amended "to cover all the houses listed in the indictment" (as the Breaking and Entering count was amended "to cover all the businesses listed in the indictment").  By pleading guilty to this Count, Laudato necessarily admitted committing the acts constituting that crime as charged.

{¶18}  Finally, the State's recitation of what it would have proven at trial in Case No. 17 C 000030, i.e., the conduct Laudato was admitting he committed, clearly satisfies the "two or more incidents of corrupt activity" element of Engaging in a Pattern of Corrupt Activity: "[I]n Case No. 17C30, it was alleged that [Laudato], along with his co-defendant, committed a series of burglaries and breaking and enterings in and around the jurisdiction of the Sheriff's Office and Bainbridge Police Department,

5

breaking into various homes and stealing items, also breaking into some businesses, and it also involved breaking into I believe a couple of locked boxes which were the basis for the Safecracking charges."

{¶19} Laudato raises an additional argument that the trial court failed to "make any findings that [Laudato] was responsible for more than [the] $1000" threshold amount required by R.C. 2923.31(I)(2)(c). Laudato's argument is inapposite inasmuch as none of the offenses identified in subsection (c) are predicate offenses to his conviction for Engaging in a Pattern of Corrupt Activity.

{¶20} The sole assignment of error is without merit.

{¶21} For the foregoing reasons, Laudato's conviction for Engaging in a Pattern of Corrupt Activity is affirmed. Costs to be taxed against the appellant.

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.