[Cite as *State v. Lewis*, 2019-Ohio-3154.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                    :
                                  :
    Plaintiff-Appellee,       :        Case No. 18CA1073
                                  :
vs.                               :
                                  :        DECISION AND
DINA LEWIS,                       :        JUDGMENT ENTRY
                                  :
    Defendant-Appellant.      :
_____

APPEARANCES:

Robert Shawn Stratton, Portsmouth, Ohio, for Appellant.

David Kelley, Adams County Prosecuting Attorney, and Kris D. Blanton, Assistant Prosecuting Attorney, West Union, Ohio, for Appellee.
_____

Smith, P.J.

{¶1} Appellant, Dina Lewis, appeals her conviction and sentence for Engaging in a Pattern of Corrupt Activity, a first-degree felony in violation of R.C. 2923.32. On appeal, she contends that the trial court erred by sentencing her to a ten-year prison term on a first-degree felony. However, because we find Appellant's guilty plea waived any defect in the indictment and also served as an admission to the predicate acts underlying her Engaging in a Pattern of Corrupt Activity charge, we find no merit to her argument that the trial court erred in

sentencing her.  Accordingly, Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

FACTS

{¶2} Appellant was indicted on three felony drug charges as well as one count of Engaging in a Pattern of Corrupt Activity on March 23, 2018.  This matter was ultimately disposed of by a plea agreement that involved Appellant's agreement to plead guilty to count four of the four-count indictment, which charged her with first-degree felony Engaging in a Pattern of Corrupt Activity, in exchange for the dismissal of counts one through three of the indictment.  Counts one through three of the indictment contained the following charges:  1) Aggravated Possession of Drugs with major drug offender and forfeiture specifications, a first-degree felony in violation of R.C. 2925.11(A); 2) Aggravated Possession of Drugs with a forfeiture specification, a second-degree felony in violation of R.C. 2925.11(A); and 3) Aggravated Trafficking in Drugs with major drug offender and forfeiture specifications, a first-degree felony in violation of R.C. 2925.03(A)(1).[1]  There was no agreement regarding sentencing.

{¶3} At the change of plea hearing held on June 4, 2018, Appellant testified at length regarding the offenses she had committed.  She testified that between the

---

[1] Count three was initially listed as a third-degree felony in the indictment, however, it was subsequently amended to a first-degree felony.

time period of approximately March 1, 2017 until March 9, 2018 she sold

methamphetamine in Adams County, Ohio.  She testified that she would mail

money to a friend in Bakersfield, California and in return her friend would mail her

methamphetamine.  She testified that she initially only bought an ounce at a time,

but over time she worked up to buying fifteen ounces at a time.  She testified that

she paid $3800.00 for fifteen ounces and sold it for $675.00 an ounce on the street.

She explained that she and her friend utilized several different shipping companies,

including Fed Ex and UPS.  She testified that she received a shipment about once a

week.  She further testified that sometimes people came to her house to buy

methamphetamine, and sometimes she met them in public places such as

McDonald's, Walmart parking lots, or a church.  She also testified that when she

was initially arrested, she had $2810.00 with her that she had received from

trafficking sales.

{¶4} Before accepting Appellant's guilty plea and orally dismissing counts

one through three, the trial court inquired as to whether defense counsel believed

that each and every essential element of the underlying offense and specification

warranted the court's acceptance of her guilty plea.  Defense counsel responded in

the affirmative.  Thereafter the following exchange took place on the record:

COURT:    * * * Ms. Lewis acknowledging that the underlying

events would have been set forth originally in counts I and III,

Aggravated Possession of Drugs and Aggravated Trafficking in Methamphetamine.  Uh, Ms. Lewis uh, still while under oath provided a factual basis touching upon each and every essential element of the offense of Count IV.

State of Ohio do you stipulate that Methamphetamine is a Schedule II Controlled Substance and that the amounts in this period of Engaging in a Pattern of Corrupt Activity equaled or exceed, exceeding 100 times the bulk amount?

PROSECUTOR KELLEY:      Yes, Your Honor.

COURT:     Mr. Cornely do you stipulate to that as well?

ATTORNEY CORNELY:      Yes, Your Honor.

COURT:     Thank you.

Um, again Ms. Lewis provided a factual basis touching upon each and every essential element uh, that it has now been stipulated by counsel that Methamphetamine is a Schedule II Controlled Substance and the amount of the underlying Engaging in a Pattern of Corrupt Activity would've been an amount equaling or exceeding 100 times the bulk amount for purposes of either Possession and or Trafficking.

Both Counsel declined to supplement the facts as each and every essential element had been met.  Mr. Cornely has confirmed to the

court that he believes that each and every essential element has been

met that would warrant this court accepting his client's plea of guilty.

* * *

{¶5} Immediately thereafter a written plea agreement was filed, which included the dismissal of counts one, two and three. A sentencing hearing was held on July 26, 2018. The trial court sentenced Appellant to a ten-year prison term as a result of her guilty plea to one first-degree felony count of Engaging in a Pattern of Corrupt Activity. Appellant now brings her timely appeal, setting forth a single assignment of error for our review.

## ASSIGNMENT OF ERROR

I.      "THE TRIAL COURT ERRED BY SENTENCING DEFENDANT-APPELLANT TO 10 YEARS IN VIOLATION OF R.C. 2923.32(a)(1), ENGAGING IN A PATTERN OF CORRUPT ACTIVITY, A FELONY OF THE FIRST DEGREE."

{¶6} In her sole assignment of error, Appellant contends the trial court erred when it sentenced her to a ten-year prison term for Engaging in a Pattern of Corrupt Activity, a first-degree felony in violation of R.C. 2923.32(A)(2). Appellant sets forth the following "Issue presented for review:"

> By dismissing with prejudice the predicate offenses (Counts 1-3 of the indictment) of Engaging in a Pattern of Corrupt Activity, prior to sentencing, even the testimony of engaging in such activity is insufficient to elevate Count 4 (Engaging in a Pattern of Corrupt

Activity, in violation of R.C. 2923.32(a)(1)) from a felony of the second degree to a felony of the first degree.

The Conclusion portion of Appellant's brief contains the following summary of her argument:

When the predicate offenses of Counts 1-3 were dismissed with prejudice they could not be used to elevate Count 4, Engaging in a Pattern of Corrupt Activity, from a felony of the second degree to a felony of the first degree. Even testimony to the facts surrounding Counts 1-3 does not resurrect the charges or render them usable to Count 4. At the very least Count 4 should be remanded to the trial court for resentencing as a felony of the second degree.

Thus, despite the fact that the wording in Appellant's assignment of error appears to indicate she is simply challenging the imposition of a ten-year sentence for a first-degree felony, her issue presented for review appears instead to mount a challenge to the fact that she was convicted of first-degree, rather than second-degree, Engaging in a Pattern of Corrupt Activity.

{¶7} Initially, we question whether Appellant, by pleading guilty, preserved this issue for appeal. A guilty plea constitutes "an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 46

L.Ed.2d 195 (1975), fn.2; Crim.R. 11(B)(1); *accord United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (explaining that a guilty plea and subsequent conviction "comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence"). Therefore, a guilty plea " 'renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.' " *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78, quoting *Menna*, 423 U.S. at 62, fn.2, 96 S.Ct. 241; *accord State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 19.  Consequently, a defendant who voluntarily, knowingly, and intelligently admits "in open court that he is in fact guilty of the offense with which he is charged * * * may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Fitzpatrick* at ¶ 78.  In other words, a voluntary, knowing, and intelligent guilty plea waives any alleged constitutional violations unrelated to the entry of the guilty plea and nonjurisdictional defects in the proceedings.  *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 105; *State v. Storms*, 4th Dist. Athens No. 05CA30, 2006-Ohio-3547, ¶ 9.  Consequently, a guilty plea " 'effectively waives all appealable errors at trial

unrelated to the entry of the plea.' " *Ketterer* at ¶ 105, quoting *State v. Kelley*, 57

Ohio St.3d 127, 566 N.E.2d 658, paragraph two of the syllabus (1991).

{¶8} Here, Appellant does not challenge the voluntariness of her guilty plea.

Nor does she actually challenge the trial court's imposition of sentence, despite the

wording of her assignment of error. Instead, she argues that she should not have

been convicted of a first-degree felony count of Engaging in a Pattern of Corrupt

Activity, considering that the predicate first-degree felony offenses of Aggravated

Possession of Drugs and Aggravated Trafficking in Drugs were dismissed.

However, we believe Appellant's guilty plea waived her right to challenge the

sufficiency of the State's evidence supporting the first-degree felony charge to

which she pled. *State v. Davis*, 4th Dist. Highland No. 06CA21, 2007-Ohio-3944,

¶ 18 (finding guilty plea waived defendant's right to challenge any alleged defects

in the indictment or deficiencies with the State's evidence), citing *State v. Van

Corn*, 18 Ohio St.2d 188, 248 N.E.2d 603 (1969). This is because Appellant's

" 'guilty plea broke the chain of events which preceded it in the criminal process.'

" *Davis* at ¶ 18, quoting *State v. Miller*, 4th Dist. Meigs No. 95CA10, 1996 WL

571488, *2 (Oct. 2, 1996) (which held that "[b]y pleading guilty * * * appellant

induced the prosecution and the court to proceed upon the * * * indictment upon

the basis that is was sufficient to charge an offense * * * *.")

{¶9} In the present case, Appellant was indicted on a first-degree felony charge of Engaging in a Pattern of Corrupt Activity in violation of R.C. 2923.32(A)(1) and she entered a guilty plea to that first-degree felony charge. R.C. 2923.32 provides, in pertinent part, as follows:

(A)(1) No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt.

* * *

(B)(1) Whoever violates this section is guilty of engaging in a pattern of corrupt activity. Except as otherwise provided in this division, engaging in corrupt activity is a felony of the second degree. Except as otherwise provided in this division, if at least one of the incidents of corrupt activity is a felony of the first, second, or third degree, * * * engaging in a pattern of corrupt activity is a felony of the first degree[.] * * *

At no point did Appellant challenge the degree of offense listed in the indictment. Furthermore, her testimony given during the change of plea hearing described her criminal conduct that constituted aggravated possession and trafficking in drugs, the two first-degree felony charges which formed the basis of the Engaging in a

Pattern of Corrupt Activity charge. Thus, despite the fact that those predicate offenses were dismissed as part of the plea agreement, Appellant still admitted to conduct that established the commission of those offenses for purposes of her guilty plea. Further, the predicate offenses were not dismissed for lack of evidence, they were dismissed as part of the plea agreement and only after Appellant entered her guilty plea.

{¶10} Moreover, the Eleventh District Court of Appeals has recently observed that "the dismissal of certain enumerated crimes does not preclude them from serving as predicate acts given that 'corrupt activity' is *conduct* constituting a violation [of certain criminal] statutes rather than *convictions* therefor." *State v. Laudato*, 11th Dist. Geauga Nos. 2017-G-0131, 0132 and 0133, 2018-Ohio-696, ¶ 16, citing *State v. Perry*, 9th Dist. Summit No. 19611, 2000 WL 1257802, *7. Additionally, as explained in *State v. Allen*, 9th Dist. Summit No. 27494, 2017-Ohio-2831, ¶ 24 regarding a similar argument:

> Both the United States Supreme Court and the Ohio Supreme Court
> have recognized that a conviction on a compound offense may stand
> although a jury acquits on its predicate offense. *State v. Gardner*, 118
> Ohio St.3d 420, 2008-Ohio-2787, ¶ 81, quoting *United States v.
> Powell*, 469 U.S. 57, 65 (1984). Allen has not explained why a
> different rule should apply in the context of plea bargains. *See* App.R.

16(A)(7); [*Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998

WL 224934, *8 (May 6, 1998)].

*Allen* involved an argument that the trial court could not convict the defendant of

involuntary manslaughter in the absence of the predicate offense of child

endangering, which had been dismissed as part of a plea agreement.

{¶11} We find the reasoning set forth in both *Laudato* and *Allen* to be

instructive and persuasive.  Thus, even assuming Appellant did not waive her

argument by pleading guilty, she has failed to show her argument has merit.  In

light of the foregoing, Appellant's sole assignment is overruled.  Accordingly, the

decision of the trial court is affirmed.

                                                **JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J.:  Concur in Judgment and Opinion.

For the Court,

BY: _____
Jason P. Smith, Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**