[Cite as *State v. Bateman*, 2021-Ohio-57.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 19CA13 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| CHARLES BATEMAN, | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 1/6/2021** |

_____
<u>APPEARANCES:</u>

Justin Lovett, Jackson County Prosecutor, and William L. Archer, Assistant Prosecutor, Jackson, Ohio, for Appellee.

Felice Harris, Columbus, Ohio, for Appellant.
_____

Wilkin, J.

{¶1} This is an appeal from a Jackson County Court of Common Pleas judgment adopting a plea agreement whereby Appellant, Charles Bateman, pleaded guilty to tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony.  In his brief, Appellant asserted three assignments of error: (1) the trial court erred in denying Appellant's motion to dismiss due to speedy trial provisions of R.C. 2945.71, (2) Appellant was denied the effective assistance of counsel guaranteed by the United States and Ohio Constitutions, and (3) the trial court incorrectly calculated Appellant's jail time credit.  However, at oral argument, Appellant waived assignments of error one (1) and three (3).  After reviewing the facts of the case and the applicable law, we overrule Appellant's sole assignment of error, and affirm the trial court's entry of conviction.

BACKGROUND

{¶2} Pursuant to a traffic stop on March 5, 2016, a trooper found heroin and cocaine in Appellant's vehicle.  On January 8, 2018, the State charged Appellant with a five-count criminal indictment, including possession and trafficking in heroin, possession and trafficking in cocaine, and tampering with evidence.  On February 7, 2018, a warrant was issued for Appellant's arrest.  However, he was not arrested until August 8, 2018.

{¶3} On September 11, 2018, Appellant pleaded not guilty to all five charges, and was released on his own recognizance.  A pretrial conference was set for November 6, 2018 and trial for December 27, 2018.  On November 5, 2018, Appellant filed a motion to continue the pretrial hearing because he did not have transportation.  The trial court granted the motion and set the pretrial conference for December 11, 2018.  However, Appellant did not show for the pretrial, so the trial court ordered a $200,000 bond, issued a warrant for Appellant's arrest, vacated the December 27th trial date, and set a new pretrial date for May 7, 2019.

{¶4} Appellant was arrested on April 24, 2019 and trial was set for July 29, 2019.  On July 26, 2019, Appellant filed a motion to dismiss the charges due to a violation of speedy trial rights.  Three days later, the parties began voir dire in an attempt to select a jury for Appellant's trial.  However, the parties were unable to agree on twelve eligible jurors and an alternate, and both attorneys expressed concerns in proceeding without an alternate juror. Consequently, the trial judge determined that a new trial date would need to be set and dismissed the jurors

who had been selected.  Prior to adjourning, the trial court orally denied Appellant's motion to dismiss his case for a speedy trial violation.

{¶5} Several weeks later, the parties reached a plea agreement with a recommended 24-month sentence, and on August 29, 2019 the trial court held a plea hearing on the sole charge of tampering with evidence.  During the plea hearing the trial court asked Appellant: "You understand that any pending motion or issue would be considered waived by the court if you enter a plea of guilty today."  Appellant responded: "Yes, sir."  After the trial court completed its colloquy with the Appellant, during which the court discussed with Appellant his constitutional and non-constitutional rights pursuant to Crim.R. 11(C), it found that Appellant's plea was knowing, intelligent, and voluntary, and accepted his guilty plea.  The trial court then imposed the recommended 24-month sentence. It is this judgment that Appellant appeals, asserting a single assignment of error.

ASSIGNMENT OF ERROR

I.      APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF
        COUNSEL GUARANTEED BY THE UNITED STATES AND OHIO
        CONSTITUTIONS

ASSIGNMENT OF ERROR

{¶6} Appellant alleges that his trial counsel was ineffective for failing to renew Appellant's motion to dismiss for a speedy trial violation.  Appellant claims that but for his counsel's ineffectiveness the outcome of his case would have been different.

{¶7} In response, the State argues that Appellant waived his speedy trial rights when he pleaded guilty herein.  The State further asserts that Appellant's

agreed sentence of 24 months was significantly less than the 5.5 to 20.5 year sentence the trial court could have imposed if Appellant had been convicted of all charges. Under these circumstances, the State argues that there was nothing deficient about trial counsel's representation of the Appellant.

{¶8} "To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Fleming*, 4th Dist. Hocking No. 14CA10, 2015-Ohio-855, ¶ 6, citing *State v. Short,* 129 Ohio St.3d 360, 2011–Ohio–3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052.

{¶9} " [A] guilty plea ' "renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." ' " *State v. Lewis*, 4th Dist. Adams No. 18CA1073, 2019-Ohio-3154, ¶ 7, quoting *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78, quoting *Menna v. New York*, 423 U.S. 61, 62, fn.2, 96 S.Ct. 241, 46 L.Ed.2d 195. Consequently, "a voluntary, knowing, and intelligent guilty plea waives any alleged constitutional violations unrelated to the entry of the guilty plea and nonjurisdictional defects in the proceedings." *Id.*, citing *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 105; *State v. Storms*, 4th Dist. Athens No. 05CA30, 2006-Ohio-3547, ¶ 9. This includes waiver of a defendant's

speedy trial rights. *Montpelier v. Greeno*, 25 Ohio St.3d 170, 170, 495 N.E.2d 581 (1986); *State v. Kelley*, 57 Ohio St.3d 127, 130, 566 N.E.2d 658 (1991) And we have recognized that " '[a] plea of guilty * * * waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the *plea* to be less than knowing and voluntary.' " (Footnote omitted) (Emphasis added.) *State v. McCann*, 4th Dist. Lawrence No. 10CA12, 2011-Ohio-3339, ¶ 18, quoting *State v. Floyd* , 4th Dist. Scioto No. 92CA2102*,* 1993 WL 415287(Oct. 13, 1993), citing *State v. Barnett*, 73 Ohio App.3d 244, 248-249, 596 N.E.2d 110 (2nd Dist.1991 ); see also *State v. Goodwin,* 8th Dist. Cuyahoga No. 93249, 2010-Ohio-1210, ¶ 10-11; *State v. Harvey,* 3d Dist. Allen No. 1-09-48, 2010-Ohio-1627, ¶ 30; *State v. Mayle,* 5th Dist. Morgan No. CA 07–3, 2008–Ohio–286, ¶ 39; *State v. Melampy,* 12th Dist. Brown No. CA2007-04-008, 2008-Ohio-5838, ¶ 22. A counsel's failure to raise a speedy trial violation does not cause an appellant's waiver of his or her trial rights to be less than knowing and voluntary. *Barnett*, at 249. Therefore, a guilty plea waives claims of ineffective assistance of counsel based upon statutory speedy trial issues. *McCann* at ¶ 18, *Goodwin* at ¶ 10, *Mayle,* at ¶ 39.

{¶10} Initially we note that the trial court engaged in a colloquy with the Appellant discussing his constitutional and non-constitutional rights, which included Appellant's acknowledgment that entering the plea waived any pending motion or issue. And Appellant does not allege that his plea was not knowing, voluntary or intelligent. Consequently, by entering the plea agreement, Appellant

not only waived his right to challenge his speedy trial rights under *Greeno*, but also waived his right to challenge the effectiveness of his counsel to assert those rights. *McCann* at ¶ 18, *Goodwin* at ¶ 10, *Mayle,* at ¶ 39. Therefore, because Appellant waived his right to bring an ineffective assistance of counsel claim by entering the plea bargain, we overrule his assignment of error.

CONCLUSION

**{¶11}** Having overruled Appellant's sole assignment of error, we affirm the trial court's judgment entry of conviction.

**JUDGMENT AFFIRMED**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Abele, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Kristy Wilkin, Judge

### NOTICE TO COUNSEL
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**