[Cite as *State v. Luttrell*, 2022-Ohio-1148.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-07-062 |
| | : | O P I N I O N |
| - vs - | | 4/4/2022 |
| | : | |
| GUY LUTTRELL, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20CR36588

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Johnna M. Shia, for appellant.

**PIPER, P.J.**

{¶1} Appellant, Guy Luttrell, appeals his conviction and sentence in the Warren County Court of Common Pleas for felonious assault and two counts of assault.

{¶2} Luttrell was indicted for felonious assault, two counts of assault, and possession of a deadly weapon while under detention. The charges were the result of an altercation Luttrell had with three corrections officers while he was an inmate at Lebanon Correctional Institution. All three corrections officers sustained injuries.

{¶3}    Luttrell was arrested on July 3, 2020, and then released on bond on July 8, 2020.  According to the parties and the presentence-investigative report, at some point, Luttrell was arrested and held in Fairfield County on unrelated charges.  Luttrell was eventually returned to Warren County.  At an October 21, 2020, hearing, Luttrell pled not guilty by reason of insanity and requested a psychological evaluation.  At a competency hearing on February 9, 2021, the parties stipulated to the competency report and that Luttrell did not meet the criteria for a not guilty by reason of insanity plea.

{¶4}    At this hearing, the parties also discussed setting the case for trial before Luttrell's speedy trial rights expired and the court attempted to find a date within the time frame that worked for the parties.  Luttrell initially stated that he did not want to waive his speedy trial rights, but after discussion and attempts to find a trial date that worked for Luttrell's counsel, Luttrell stated that he did not mind waiving time to allow trial to be set on April 1.

{¶5}    At a hearing on March 17, 2021, Luttrell requested a continuance to obtain additional evidence and executed a time waiver.  On May 10, 2021, Luttrell entered into a plea agreement with the state and pled guilty to the felonious assault and assault charges in return for dismissal of the possession of a deadly weapon while under detention charge.  The trial court sentenced Luttrell to minimum sentences on each of the convictions and ran all three sentences concurrently.

{¶6}    Luttrell now appeals his conviction, raising four assignments of error for our review.

{¶7}    LUTTRELL'S COUNSEL WAS INEFFECTIVE FOR FAILURE TO FILE A MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS.

{¶8}    In his first assignment of error, Luttrell argues that his trial counsel was ineffective for failing to file a motion to dismiss the case on speedy trial grounds.  However,

as mentioned above, Luttrell pled guilty to the charges in this case. It is well established that a voluntary, knowing, and intelligent guilty plea waives any alleged constitutional violations unrelated to the entry of the guilty plea and any nonjurisdictional defects in the proceedings. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283. A guilty plea thus "'effectively waives all appealable errors at trial unrelated to the entry of the plea.'" *Ketterer* at ¶ 105, quoting *State v. Kelley*, 57 Ohio St.3d 127 (1991), paragraph two of the syllabus.

**{¶9}** The Ohio Supreme Court has determined that this waiver includes the right to challenge a conviction on speedy trial issues pursuant to R.C. 2945.71(B)(2). *Montpelier v. Greeno*, 25 Ohio St.3d 170 (1986); *State v. Kelly*, 57 Ohio St.3d 127 (1990). Moreover, this court has previously determined that a guilty plea also waives claims of ineffective assistance of counsel based upon statutory speedy trial issues. *State v. Melampy*, 12th Dist. Brown No. CA2007-04-008, 2008-Ohio-5838. *See also State v. Barnett*, 73 Ohio App.3d 244 (2nd Dist.1991); *State v. Bateman*, 4th Dist. No. 19CA13, 2021-Ohio-57; *State v. Mayle*, 5th Dist. Morgan No. CA 07-3, 2008-Ohio-286, ¶ 39; *State v. Jones*, 8th Dist. Cuyahoga No. 106150, 2019-Ohio-783.

**{¶10}** Accordingly, Lutrell waived the right to challenge speedy trial issues on appeal, whether directly, or by means of an ineffective assistance of counsel claim.[1]

**{¶11}** Moreover, we note that there is no merit to Luttrell's speedy trial argument. According to R.C. 2945.71(C)(2), a person against whom a felony charge is pending must be brought to trial within 270 days from the date of his arrest, not including the actual date of his arrest. Each day a defendant is held in jail in lieu of bail on the pending charge is counted as three days. R.C. 2945.71(E). However, an accused is only entitled to this triple

---

1. We note that the case cited by Luttrell that a defendant may challenge a speedy trial claim not raised below by means of an ineffective assistance of counsel claim involved a conviction by means of a trial, not a plea. *See Cleveland v. White*, 8th Dist. Cuyahoga No. 99375, 2013-Ohio-5423.

credit when held in jail solely on the pending charge. *State v. Kaiser* (1978), 56 Ohio St.2d 29, paragraph two of the syllabus; *State v. Davenport*, 12th Dist. Butler No. CA2005-01-005, 2005-Ohio-6686, ¶ 9.

{¶12} The Ohio Revised Code enumerates specific instances in which the time period that a defendant must be brought to trial is extended, including the time while a defendant's competency to stand trial is being determined, periods of continuance caused by an accused's own motion, and "the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(C), (E) and (H). "Upon review of a speedy-trial issue, a court is required to count the days of delay chargeable to either side and determine whether the case was tried within the applicable time limits." *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, ¶ 8; *State v. Thacker*, 12th Dist. Warren No. CA2019-06-058, 2020-Ohio-1318, ¶ 27.

{¶13} In the parties' briefs, there are two major areas of disagreement regarding the calculation of speedy trial time. The first involves calculation of time Luttrell spent incarcerated in Fairfield County and the second involves whether Luttrell waived his speedy trial rights at a pretrial hearing. While the parties disagree on the facts involved during the Fairfield County incarceration and whether the record supports Luttrell's argument, we find that even if we were to accept Luttrell's argument regarding the time calculation involving the Fairfield County charges, Luttrell's plea was still within speedy trial requirements because he waived time at the pretrial hearing.

{¶14} Luttrell calculates the time before the pretrial hearing in this case at 185 days. At the pretrial hearing, the parties discussed the need to set a trial date within speedy trial limits. Initially, Luttrell stated that he did not want to waive his speedy trial rights and he argues on appeal that time therefore continued to run after the pretrial hearing. However, after more discussion at the hearing, and an in-depth discussion about speedy trial rights,

Luttrell clarified that he was fine with a limited waiver in order to set trial shortly after to accommodate his counsel's schedule, but that he did not want "this to be carried out six, seven, eight, nine months." He further stated that "[i]f we can agree to keep it within a reasonable time, I don't mind signing a waiver." The parties then agreed to set the trial for April 1, 2021, the court carefully discussed the issue in detail, and Luttrell explicitly agreed to waive time until trial on April 1, 2021. As mentioned above, on March 17, 2021, Luttrell executed a full waiver and he then pled guilty on May 10, 2021. Therefore, there is no merit to Luttrell's argument that his counsel was ineffective for failing to raise a speedy trial claim. Accordingly, Luttrell's first assignment of error is overruled.

{¶15} LUTTRELL'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE.

{¶16} When a defendant enters a guilty plea in a felony criminal case, the plea must be knowingly, intelligently, and voluntarily made. *State v. Smith*, 12th Dist. Warren Nos. CA2019-10-113 and CA2019-11-121, 2020-Ohio-3074, ¶ 7. "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179. "Crim.R. 11(C) prescribes the process that a trial court must use before accepting a plea of guilty to a felony." *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 11. "The trial court must follow certain procedures and engage the defendant in a detailed colloquy before accepting his or her plea." *Id.*

{¶17} The Ohio Supreme Court has addressed a trial court's compliance with Crim.R. 11(C) and how an appellate court should review a trial court's plea colloquy to ensure that a defendant's plea is knowingly and voluntarily entered. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765. As a general matter, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to

comply with the provisions of Crim.R. 11(C)," i.e., that "the plea would not have otherwise been made." *Id.* at ¶ 16. There are, however, two exceptions to this rule: (1) when the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, and (2) "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C)." (Emphasis sic.) *Id.* at ¶ 15. Under either exception, the defendant is not required to show prejudice. *Id.*

{¶18} As relevant to this case, Crim.R. 11 provides that a trial court must not accept a guilty plea in a felony case without personally addressing the defendant and "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved" and "[i]nforming the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest." Crim.R. 11(C)(2)(a) and (b). Luttrell argues that the trial court did not inform him of the effect of his plea and that he was prejudiced by the prosecutor's failure to recite the facts of the case or provide a charging instrument that indicated the mandatory nature of the sentence for felonious assault.

{¶19} The indictment in this case charged Luttrell with felonious assault in violation of R.C. 2903.11(A)(2) and (D)(1)(a) and stated that the offense was a felony of the second degree. However, the plea form that Luttrell signed specifically stated that the charge carried a mandatory prison sentence pursuant to R.C. 2929.13(F)(6). This provision requires a prison term for a defendant who commits a first- or second-degree felony when the defendant has been previously convicted of a first- or second-degree felony. Id.; *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, ¶ 10.

{¶20} At the plea hearing, the court informed Luttrell several times that prison was mandatory. The court and parties discussed the mandatory nature of the prison term and whether it precluded Luttrell from an earned reduction of his minimum prison time under

changes to sentencing pursuant to the Reagan Tokes Act. The trial court twice stated that because the sentence was mandatory, Luttrell was not entitled to earned credit. The parties and court later discussed the issue and whether any portion of the sentence would be subject to earned credit. Although they were unsure whether the earned credit applied, the court stated "we could all be mistaken then, [but] he's at least been previously warned that that could happen." Luttrell was asked if he had any questions and replied that he did not.

**{¶21}** Luttrell argues a variety of issues related to the mandatory nature of the prison sentence. However, given that the plea form specifically stated the prison sentence was mandatory and trial court explicitly explained to Luttrell that he was subject to a mandatory prison term and Luttrell indicated that he understood and did not have any questions, we find Luttrell was informed of the maximum penalty he could receive. Therefore, his plea was knowingly, voluntarily and intelligently made. Luttrell's second assignment of error is overruled.

**{¶22}** LUTTRELL'S SENTENCE IS CONTRARY TO LAW AND NOT SUPPORTED BY THE RECORD.

**{¶23}** An appellate court generally reviews felony sentences under R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Portefield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 19. R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. "A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range." *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201, CA2014-10-202, 2016-Ohio-

4918, ¶ 9.

**{¶24}** When reviewing a felony sentence, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 42. The record must merely reflect that the trial court considered the relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to issuing its decision. *State v. Watkins*, 12th Dist. Preble No. CA2020-03-005, 2021-Ohio-163, ¶ 50.

**{¶25}** Luttrell argues the trial court's sentence was contrary to law because the trial court failed to state at the sentencing hearing that it considered R.C. 2929.11 and 2929.12. However, as this court has previously recognized, "a trial court is not required to expressly cite to R.C. 2929.11 or 2929.12 at the sentencing hearing." *State v. Motz*, 12th Dist. Warren No. CA2019-10-109, 2020-Ohio-4356, ¶ 43. The fact that R.C. 2929.11 and 2929.12 are not expressly referenced during a sentencing hearing is immaterial when the trial court's sentencing entry cites to both statutes. *State v. Murphy*, 12th Dist. Butler No. CA2021-05-048, 2021-Ohio-4541, ¶ 27.

**{¶26}** In this case, the trial court specifically stated in its sentence entry that it had considered the principles and purposes of sentencing under R.C. 2929.11 and had balanced the seriousness and recidivism factors under R.C. 2929.12.

**{¶27}** Luttrell also argues that his sentence is contrary to law because the trial court "misconstrued" that it had to impose a mandatory prison term for the felonious assault charge. He argues that the record does not reflect that the mandatory sentencing provision in R.C. 2929.13(F)(6) applied to him. He contends that the trial court never mentioned prior conviction as the reason prison was mandatory and that the state indicated that the prison term was mandatory "because it was a second-degree felony" but did not indicate a prior

conviction as the reason.

**{¶28}** However, as mentioned above, the plea form signed by Luttrell explicitly stated that R.C. 2929.13(F)(6) applied in sentencing. In addition, the presentence-investigative report indicates that Luttrell was previously convicted of aggravated arson, a first-degree felony. Accordingly, we find no merit to Luttrell's arguments that his sentence was contrary to law and his third assignment of error is overruled.

**{¶29}** LUTTRELL'S SENTENCE PURSUANT TO REAGAN TOKES ACT IS UNCONSTITUTIONAL.

**{¶30}** In his final assignment of error, Luttrell argues that his counsel was ineffective for failing to challenge his indefinite sentence under the Reagan Tokes Act as unconstitutional. This court, however, has already determined that "[t]rial counsel's failure to raise the constitutionality of the Reagan Tokes Law, an argument which has proven unsuccessful in this and other districts, does not constitute ineffective assistance." *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 18; *State v. Abner*, 12th Dist. Warren No. CA2021-05-048, 2021-Ohio-4549, ¶ 25. Accordingly, appellant's fourth assignment of error is overruled.

**{¶31}** Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.