[Cite as *State v. Weaver*, 2024-Ohio-1444.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230521 |
| | | TRIAL NO. B-1703089 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| DEAN WEAVER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 17, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *John D. Hill, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1}    Defendant-appellant Dean Weaver appeals the judgment of the Hamilton County Court of Common Pleas sentencing him to an aggregate prison term of 14 years following his guilty pleas to rape in violation of R.C. 2907.02 and gross sexual imposition in violation of R.C. 2907.05.  The trial court imposed Weaver's sentence consecutively to a separate 192-month sentence he is presently serving for an unrelated federal conviction.  For the reasons set forth below, we affirm the judgment of the trial court.

### *Factual and Procedural Background*

{¶2}    In 2013, Weaver was arrested by the Federal Bureau of Investigation ("FBI") on child pornography charges.  He was ultimately convicted and sentenced to 192 months in federal prison.

{¶3}    During the FBI's investigation, Weaver consented to a polygraph test, during which he admitted to offenses that took place in Hamilton County, Ohio, in 2004.  On June 8, 2017, while serving his federal sentence in Texas, Weaver was indicted in Hamilton County for three counts of rape and three counts of gross sexual imposition involving a minor who was between the ages of 11 and 12 when the acts took place.

{¶4}    On November 28, 2018, Weaver submitted a motion for a speedy trial pursuant to the Interstate Agreement on Detainers ("IAD") and for the appointment of counsel.  For unknown reasons, the motion was not filed in Hamilton County until May 1, 2019.  Also, for reasons unknown, Weaver was not transferred to Hamilton County to be served with the Hamilton County indictment until November 24, 2020.

{¶5} On November 16, 2021, Weaver withdrew his not guilty pleas and entered written guilty pleas to two counts of rape and two counts of gross sexual imposition. The matter was continued for a sentencing hearing, but on April 4, 2022, the trial court judge recused herself, and the case was reassigned to another judge.

{¶6} On June 13, 2022, Weaver filed a motion to suppress the statements he made during the FBI polygraph test. A hearing on the motion was held in November 2022, and the motion was ultimately denied.

{¶7} On May 16, 2023, Weaver's original guilty pleas were set aside. But on August 1, 2023, Weaver again withdrew his not guilty pleas and entered pleas of guilty to one count of rape, a felony of the first degree, and one count of gross sexual imposition, a felony of the third degree. As part of the plea agreement, the state dismissed the remaining four counts. During the hearing, the trial court conducted a plea colloquy and accepted his pleas of guilty.

{¶8} On September 12, 2023, the trial court held a sentencing hearing. Weaver's sister and niece addressed the court and explained the trauma Weaver had endured during his own childhood. Weaver also addressed the court, taking responsibility for his actions.

{¶9} The state sought the maximum sentence of 16 years, citing, among other justifications, the extreme trauma experienced by the victim as a result of Weaver's actions. The state emphasized that the victim experienced both suicidal ideation and a complete inability to maintain intimate relationships as a result of Weaver's abuse. The state also disclosed that Weaver had assaulted an additional victim who had not yet been identified.

**{¶10}** The trial court sentenced Weaver to an aggregate term of 14 years in prison. It imposed sentences of ten years on the rape count and four years on the gross-sexual-imposition count, to be run consecutively to one another and consecutively to Weaver's 192-month federal prison sentence. The trial court explained that it was sentencing Weaver to the 14 years because of the serious nature of the crimes, the moderate possibility of recidivism, and the severe impact of his actions on the victim. The trial court also emphasized Weaver's deplorable behavior towards his victim, including withholding food from the victim to coerce him into various sexual acts. The trial court also considered Weaver's own history of abuse, but explained that he could have sought help for his issues rather than abusing children or accessing child pornography. The trial court gave Weaver credit for 1,023 days in custody, classified him as a Tier III sex offender, and imposed five years of postrelease control.

**{¶11}** Weaver now appeals.

## *Analysis*

**{¶12}** Weaver raises two assignments of error on appeal. First, Weaver argues that the trial court erred by failing to dismiss his indictment because, he alleges, his speedy-trial rights were violated under the IAD. Second, Weaver argues that the trial court erred to his prejudice by imposing consecutive sentences.

## *Speedy Trial*

**{¶13}** In his first assignment of error, Weaver argues that the trial court erred by failing to dismiss his indictment when the state did not bring him to trial within the time mandated by the IAD. The state argues that Weaver waived this argument by failing to advance it below and by entering guilty pleas.

**{¶14}** R.C. 2963.30 governs the IAD. Weaver asks this court to interpret this statute; therefore, our review is de novo. *Dubose v. McCloud*, 1st Dist. Hamilton No. C-190690, 2020-Ohio-4972, ¶ 12 ("Questions of law are reviewed de novo. Whether a trial court applied the proper legal standard poses a question of law, which is reviewed de novo.").

**{¶15}** Pursuant to R.C. 2963.30, Article III(a),

the prisoner * * * shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment[.]

**{¶16}** Weaver asserts that he requested a speedy trial on November 28, 2018, but was not actually brought to Hamilton County to stand trial until November 24, 2020. Therefore, he contends, the statutory timeframe to bring him to trial under R.C. 2963.30 had expired.

**{¶17}** Weaver's assignment of error fails for two reasons. First, he failed to advance this argument below and therefore did not preserve it for our review. Weaver never argued to the trial court that his speedy-trial rights were violated, and in fact his attorney waived speedy-trial time on several occasions on his behalf. It is well-settled that speedy-trial issues not raised in the trial court will not be heard for the first time on appeal. *See State v. Turner*, 168 Ohio App.3d 176, 2006-Ohio-3786, 858 N.E.2d 1249, ¶ 21 (5th Dist.).

**{¶18}** Second, Weaver waived his speedy-trial rights under the IAD by entering guilty pleas. During the plea colloquy, the trial court outlined Weaver's

constitutional rights, including his right to a speedy trial, and explained to Weaver that he was waiving those rights by pleading guilty. When asked if he understood, Weaver answered in the affirmative, and the trial court accepted his pleas as knowing, intelligent, and voluntary.

{¶19} The entry of a guilty plea waives all constitutional violations that may have existed prior to the plea and that are unrelated to the entry of the guilty plea itself or to the jurisdiction of the court. *See State v. Bateman*, 4th Dist. Jackson No. 19CA13, 2021-Ohio-57, ¶ 9. This includes the constitutional right to a speedy trial. *Id.* Thus, by pleading guilty, Weaver waived any constitutional right to a speedy trial that he may have asserted under the IAD.

{¶20} Because Weaver waived his right to assert on appeal his speedy-trial rights, both by failing to raise the issue in the trial court and by entering guilty pleas, Weaver's first assignment of error is overruled.

### Consecutive Sentencing

{¶21} In his second assignment of error, Weaver argues that the trial court erred in imposing consecutive sentences, both by imposing the Hamilton County sentences consecutively to one another and by requiring Weaver to serve his Hamilton County aggregate sentence consecutively to his federal sentence. He contends that consecutive sentences are disproportionate to the seriousness of his conduct and the danger posed to the public. He further contends that mitigating circumstances, including his remorse, his traumatic childhood, his injury in the military, and old age at the time of his eventual release, undercut the need for consecutive prison terms. In making these arguments, Weaver concedes that the trial court made the necessary

findings to impose consecutive sentences under R.C. 2929.17(C)(4), but contends these findings are not supported by the record.

{¶22} R.C. 2953.08(G)(2) governs our review of challenges to consecutive sentences in felony-sentencing appeals. Under that statute, we may only reverse a trial court's imposition of consecutive sentences if we find that the record does not clearly and convincingly support the trial court's decision to sentence the defendant to consecutive prison terms. *See State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 13-14.

{¶23} Here, the trial court made specific findings as to why the sentences were proper for the crimes, including the need to protect the public and the seriousness of the offenses. The trial court properly considered Weaver's history and balanced it with the impact on the victim. The trial court also accounted for the fact that there was another unidentified victim that Weaver had admitted to sexually abusing. These findings were clearly and convincingly supported by the evidence in the record. Therefore, Weaver's second assignment of error is overruled.

### *Conclusion*

{¶24} For the reasons set forth above, we overrule Weaver's assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**BOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.