[Cite as *State v. Lopez*, 2025-Ohio-1011.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-10-072 |
| | : | O P I N I O N |
| - vs - | | 3/24/2025 |
| | : | |
| EROS EDUARDO LOPEZ, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2020-CR-000476

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

Denise S. Barone, for appellant.

**SIEBERT, J.**

{¶ 1} Eros Eduardo Lopez appeals from his guilty plea and subsequent conviction for rape of a twelve-year-old victim. Under Ohio law, Lopez's challenge to the trial court's pre-plea denial of his request for new counsel is foreclosed by his own knowing, intelligent, and voluntary guilty plea. We affirm.

## I. Factual and Procedural Background

{¶ 2} On June 30, 2020, a grand jury returned an indictment charging Lopez with one count of gross sexual imposition, a third-degree felony, and two counts of rape under R.C. 2907.02(A)(1)(b) (involving a victim under 13 years of age), both first-degree felonies. After learning of his impending indictment, Lopez fled to California, where he remained at large for about three years. Upon his return to Ohio in August 2023, he appeared in court, which set bond and, recognizing Lopez's indigent status, appointed counsel to represent him.

{¶ 3} The case proceeded through standard pretrial matters, including the filing of discovery requests by both parties and a bill of particulars from the State. Counsel filed several motions in October 2023 related to Lopez's mental condition. The court granted these motions and ordered psychiatric evaluations. At a competency hearing in November 2023, the court initially found Lopez incompetent to stand trial. But at a subsequent hearing in April 2024, the court reversed this determination, finding Lopez competent to proceed.

{¶ 4} On May 24, 2024, Lopez filed a pro se motion seeking counsel's dismissal as counsel, asserting that counsel was not treating his case with appropriate seriousness and had demonstrated ineffective representation. The court held a hearing on this motion on June 11, 2024. During the hearing, Lopez claimed that counsel had told him "he wouldn't or he couldn't do anything for me at trial" and expressed his preference for counsel with more experience in felony trials. However, when the court examined Lopez on his claims, he acknowledged that counsel had met with him on four or five occasions, reviewed discovery materials, listened to his account of events, answered most of his questions, and explained both the strengths and weaknesses of the case as well as the terms of a plea offer the State had made. After this examination, it became clear to the

court that Lopez's primary complaint stemmed from counsel's recommendation to accept the State's plea offer and his candid assessment of the limited defensive options available at trial.

{¶ 5} The trial court denied Lopez's motion to dismiss counsel, finding he had failed to demonstrate that counsel was providing ineffective representation. The court specifically determined there existed no breakdown in attorney-client communication that would impede effective representation, noting that counsel had made himself available, listened to Lopez's position, provided opportunities to review evidentiary materials, and offered professional advice. While acknowledging Lopez's ultimate authority regarding critical decisions in his case, the court concluded there were no constitutional deficiencies in the provision of competent legal representation. The court explicitly found that Lopez's dissatisfaction stemmed from his displeasure with counsel's strategic advice—a basis the court ruled was insufficient to warrant appointment of new counsel.

{¶ 6} Lopez persisted in expressing dissatisfaction with counsel. Shortly after the hearing, on June 14, 2024, he filed two additional pro se motions: a "Motion to Compel Change of Counsel" and an "Appeal [of] Hearing Decision," both reiterating his earlier concerns. The trial court did not rule on either motion. Meanwhile, counsel continued active representation, successfully obtaining court approval for funds to hire a DNA expert. On August 5, 2024, Lopez filed a third pro se motion requesting removal of counsel and seeking permission to represent himself. But at the final pretrial hearing later that month, Lopez withdrew this motion for self-representation.

{¶ 7} A jury trial commenced on September 9, 2024. But before jury selection began, Lopez decided to accept the State's plea offer: a guilty plea to one count of rape (amended) in violation of R.C. 2907.02(A)(2), a first-degree felony. In exchange, the State dismissed the remaining rape count and the count of gross sexual imposition. During the

Criminal Rule 11(C) colloquy, Lopez expressly stated his satisfaction with counsel's representation. The State presented the factual basis for the plea, stating that Lopez had, by force, digitally penetrated his twelve-year-old victim's vagina and performed oral sex on her. Lopez did not dispute these facts. The trial court accepted his guilty plea and imposed the agreed recommended indefinite prison term of ten to fifteen years.

{¶ 8} Lopez appealed.

## II. Analysis

{¶ 9} Lopez's sole assignment of error alleges:

{¶ 10} THE TRIAL COURT ERRED TO THE PREJUDICE OF EROS EDUARDO LOPEZ BY FAILING TO APPOINT DIFFERENT COUNSEL TO REPRESENT HIM.

{¶ 11} Lopez contends that the trial court erred by failing to appoint different counsel to represent him. This appeal presents a straightforward question: Whether a defendant who pleads guilty may later challenge the trial court's pre-plea denial of his request for new counsel. We hold that he may not.

{¶ 12} Lopez frames his argument primarily through the lens of *Strickland v. Washington*, 466 U.S. 668 (1984), casting his challenge in terms of ineffective assistance of counsel. The State counters that *Strickland* is inapplicable, as the issue properly concerns trial court error rather than counsel's performance. But the applicable analytical framework is immaterial to our resolution. The dispositive fact is this: Lopez withdrew his request to represent himself and entered a valid guilty plea.

{¶ 13} A valid guilty plea operates as more than a mere admission of conduct; it constitutes a watershed moment in criminal proceedings that fundamentally alters the legal landscape. *See State v. Spates*, 64 Ohio St.3d 269, 272 (1992). When a defendant solemnly admits guilt in open court, that admission "'represents a break in the chain of events'" preceding it. *Id.*, quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This

- 4 -

break is decisive. It waives all appealable errors occurring before the plea—save one narrow exception. *State v. Kelley*, 57 Ohio St.3d 127, 130 (1991).

{¶ 14} That exception emerges only when pre-plea errors directly undermined the knowing, intelligent, and voluntary nature of the plea itself. *See id.* This principle applies with equal force to both constitutional and non-jurisdictional defects. *State v. Moxley*, 2012-Ohio-2572, ¶ 31-32 (12th Dist.). Even the denial of fundamental constitutional protections—like the right to counsel at preliminary proceedings—yields to this waiver principle unless the denial directly compromised the validity of the plea. *See Spates* at 271 (holding that "defendant waived his right to challenge the denial of his right to counsel at the preliminary hearing, since he entered a plea of guilty to the charges lodged against him"); *State v. Ketterer*, 2006-Ohio-5283, ¶ 104-105 (rejecting ineffective-assistance claims as waived by a guilty plea where not related to the entry of the plea itself); *State v. Luttrell*, 2022-Ohio-1148, ¶ 8-10 (12th Dist.) (guilty plea waived speedy-trial challenge, even when framed as ineffective-assistance claim); *State v. McCoy*, 1998 Ohio App. LEXIS 793, *17 (12th Dist. Mar. 2, 1998) (guilty plea waived pre-plea ineffective-assistance claim).

{¶ 15} The path to challenging a guilty plea consists of a narrow, single lane: demonstrating that counsel's advice regarding the plea fell below constitutional standards, thereby rendering the plea unknowing, unintelligent, or involuntary. *Spates* at 272, citing *McMann v. Richardson*, 397 U.S. 759 (1970).

{¶ 16} Lopez's appeal falters on this very ground. He neither alleges that the trial court's denial of his request for different counsel affected the validity of his guilty plea, nor does he seek to withdraw that plea. Indeed, he raises no challenge whatsoever to the plea's validity. This silence proves fatal to his appeal. By entering what we must presume to be a valid guilty plea, Lopez effectively waived his right to challenge the trial court's

pre-plea rulings regarding his representation.

**{¶ 17}** A defendant cannot use an appeal to resurrect pre-plea claims that were extinguished by a knowing and voluntary guilty plea. Such an approach would undermine the finality that guilty pleas are designed to secure and inject uncertainty into a process meant to bring legal disputes to their conclusion. Because Lopez has not demonstrated—or even alleged—that the trial court's decision regarding counsel undermined the validity of his plea, his challenge must fail.

**{¶ 18}** The sole assignment of error is overruled.

### III. Conclusion

**{¶ 19}** We have overruled the single assignment of error presented. The trial court's judgment is therefore affirmed.

HENDRICKSON, P.J., and BYRNE, J., concur.