[Cite as *State v. Lasure*, 2022-Ohio-650.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                     CASE NO.  10-21-08

    v.

GAVIN L. LASURE,                        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Mercer County Common Pleas Court
Trial Court No. 21-CRM-031

**Judgment Affirmed**

**Date of Decision:   March 7, 2022**

APPEARANCES:

    *Bryan Scott Hicks* **for Appellant**

    *Erin M. Minor* **for Appellee**

**SHAW, J.**

{¶1} Defendant-Appellant, Gavin L. Lasure ("Appellant"), appeals a July 27, 2021 judgment of the Mercer County Court of Common Pleas sentencing him to an aggregate indefinite prison term of eight to ten years pursuant to a negotiated plea agreement to two counts of sexual battery, felonies of the second degree. On appeal, Appellant argues that the trial court failed to give accurate post release control notifications at sentencing, that the indefinite sentence imposed under the Reagan Tokes Law was unconstitutional, and that his trial counsel provided ineffective assistance of counsel.

*Procedural History*

{¶2} On February 18, 2021, Appellant was charged in a six-count indictment with two counts each of rape, in violation of R.C. 2907.02(A)(1)(b), (B), both felonies of the first degree; sexual battery, in violation of R.C. 2907.03(A)(1), (B), both felonies of the second degree; and gross sexual imposition, in violation of R.C. 2907.05(A)(4), (C)(2), both felonies of the third degree. Upon arraignment, Appellant entered a plea of not guilty to the charges.

{¶3} Appellant subsequently entered a negotiated plea of guilty to two counts of sexual battery. Pursuant to the plea agreement, the remaining counts against him were dismissed, the State reserved the right to argue at sentencing, and the State agreed to not pursue charges in connection with a certain sheriff's office report. The negotiated plea agreement dated June 10, 2021, stated the following with regard to post release control:

**[A] period of supervision by the Adult Parole Authority after release from prison may be mandatory in this case. If I am sentenced to prison for a * * * felony sex offense, after my prison release I will have a mandatory 5 years of post release control under conditions determined by the Parole Board. * * * If I violate conditions of supervision while under post release control, the Parole Board could return me to prison for up to nine months for each violation, for a total of ½ of my originally stated prison term. If the violation is a new felony, I could receive a prison term of the greater of one year or the time remaining on post release control, in addition to any other prison term imposed for the offense.**

(Negotiated Plea Agreement Form at p. 3).

{¶4} On July 23, 2021, Appellant appeared for sentencing. The trial court sentenced Appellant to a mandatory prison term of four years as to each count to be served consecutively. Pursuant to the Reagan Tokes Law, the total stated prison term imposed by the trial court was eight to ten years. The trial court also imposed five years of mandatory post-release control[1] and classified Appellant as a Tier III sex offender.

{¶5} Appellant filed this appeal asserting the following three assignments of error.

## ASSIGNMENT OF ERROR NO. 1

## THE PRC NOTIFICATIONS WERE INACCURATE.

## ASSIGNMENT OF ERROR NO. 2

## THE IMPOSITION OF AN INDEFINITE SENTENCE UNDER REAGAN TOKES IS UNCONSTITUTIONAL.

---

[1] A "judgment entry sentencing" was first filed on July 27, 2021. However, the trial court issued a December 3, 2021 "nunc pro tunc judgment entry sentencing" correcting an error in the sentencing entry so that it accurately reflected the trial court's statements at the sentencing hearing that for a violation of post release control, defendant could return to prison for up to two (2) years on each count, or a total of four (4) years (50% of the sentence imposed by the trial court).

## ASSIGNMENT OF ERROR NO. 3

## TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHICH HARMED MR. LASURE.

*First Assignment of Error*

{¶6} In his first assignment of error, Appellant contends that, although the trial court had informed him that he would be subject to mandatory post release control following his release, it failed to accurately inform him at sentencing of the consequences of violating post release control. He therefore argues that a new sentencing hearing is required on the post release control component of his sentence.

*Standard of Review*

{¶7} " '[A] trial court has a statutory duty to provide notice of post[]release control at the sentencing hearing.' " *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 8, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 23, *overruled on other grounds*, *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913. A sentence imposed without post release control notifications is contrary to law. *Id.* Because a trial court speaks through its journal entry, the trial court is required to incorporate notice into its journal entry imposing sentence. *Id.*

*Analysis*

{¶8} Pursuant to R.C. 2929.19(B)(2)(d), an offender must be notified at sentencing that he "will" be supervised under R.C. 2967.28 after he leaves prison if the offender is being sentenced for a felony. *Grimes* at ¶ 9. An offender "will" be supervised if he has

been convicted of a felony subject to mandatory post release control. *Id., see also* R.C. 2929.19(B)(2)(d) and 2967.28(B). Additionally, the trial court must notify the offender at the sentencing hearing that if he violates that supervision, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed upon the offender as part of his sentence. *Id., see also* R.C. 2929.19(B)(2)(f).

{¶9} Our review of the record reveals that the trial court issued the following notification of the consequences of violating post release control at Appellant's sentencing hearing:

> **THE COURT: [W]hen you are released from prison, * * * you, upon release, will be supervised by the Adult Parole Authority for 5 years under what is called post-release control. And post-release control has rules and regulations that you need to comply with. And failure to comply with post-release control provisions can subject you to further imprisonment for periods of up to one-half of the stated prison term of 8 years, or an additional 2 years on each one, or 4 years as penalty for violating post-release control.**
>
> **And if your violation of any post-release control conditions are [sic] a new felony, post-release control time can be converted to prison time, and added to any prison time for the new felony that was the violation of your post-release control.**

(Sentencing, July 23, 2021 Tr. at 30).

{¶10} The trial court incorporated this notification into Appellant's sentencing entry, which provided as follows:

> **The Court informed the Defendant that upon release from prison, the Defendant will be required to serve a mandatory Five (5) year period of post-release control pursuant to R.C. 2967.28 under the supervision of the parole board. For violation of post release control conditions, the**

> **Adult Parole Authority or Parole Board could under R.C. 2967.28(F)(3) impose a more restrictive or longer control sanction up to the maximum post-release control sanction authorized for such offense, or return defendant to prison for up to Two (2) years on each count, or a total of Four (4) years (50% of the sentence imposed by the Court). If the violation is a felony, it also may be prosecuted. In accordance with R.C. 2929.141, in addition to any prison term a court imposes for the new felony, a court also may impose a prison term for the post release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control remaining for the earlier felony.**

(Dec. 3, 2021 Nunc Pro Tunc J.E. Sentencing at p. 4).

{¶11} Appellant nonetheless argues that the trial court failed to inform him at his sentencing hearing of the potential consequences of committing a new felony while on post release control, as articulated in R.C. 2929.141(A). That section provides, in relevant part:

> **(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:**
> **(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. * * * A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. * * ***

R.C. 2929.141(A).

{¶12} This Court recently examined this issue in *State v. Miller*, 3d Dist. Mercer No. 10-18-07, 2018-Ohio-3713. In that case, we noted that the " 'preeminent purpose of

R.C. 2967.28' is to notify 'offenders subject to post release control [***] at sentencing that their liberty could continue to be restrained after serving their initial sentence[.] ' " *Id.* at ¶ 26, quoting *Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, at ¶ 14. We went on to find the trial court's post release control notification at sentencing that Appellant could be placed on post release control when he completed his prison sentence and that if he violated post release control, he could be returned to prison for six months, or one half of his original prison sentence, was sufficient pursuant to *Grimes*. *Id.*

{¶13} It is not disputed that the trial court complied with both of these requirements in this case—specifically, that Appellant will be subject to five years of mandatory post release control and that a violation of the conditions of post release control could result in the imposition of a prison term of up to one-half of the stated prison term originally imposed. Appellant argues, however, that the trial court was also required to inform him that a violation of the post release control conditions would result in a new prison sentence of up to nine months pursuant to R.C. 2943.032. R.C. 2943.032 states the following:

> **(A) Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony, if the court imposes a prison term upon the defendant for the felony, and if the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term of up to nine months, subject to a maximum cumulative prison term for all violations that does not exceed one-half of the definite prison term that is the stated prison term originally imposed upon the offender * * *.**

R.C. 2943.032(A).

{¶14} While Appellant attempts to extend the post release control notification requirements codified in R.C. 2929.19, he fails to point to any statutory requirement that the trial court notify an offender of the implications of R.C. 2943.032(A) at sentencing. As reflected above, the record indicates that Appellant's signed plea form stated that a violation of post release control could result in re-imprisonment for up to nine months for each violation, and for repeated violations up to one-half of the originally stated prison term. *See Miller* (finding substantial compliance at plea hearing regarding post release control warnings).

{¶15} In conclusion, the record before us demonstrates that the trial court notified Appellant at sentencing that his post release control would be a mandatory five-year term and that if he violated the supervision, the parole board could impose a prison term of up to one-half of his stated prison term originally imposed. Similarly, consistent with *Grimes*, Appellant received the requisite notifications when he was sentenced and such notifications were incorporated into the trial court's sentencing entry. *See id.* at ¶ 26. Accordingly, we find no error in the trial court's post release control notifications at Appellant's sentencing with regard to the consequences of violating post release control and overrule Appellant's first assignment of error.

*Second Assignment of Error*

{¶16} In his second assignment of error, Appellant challenges the constitutionality of his indefinite sentence imposed pursuant to the Reagan Tokes Law because it violates the Sixth Amendment right to a trial by jury, violates the separation of powers doctrine and due process. Appellant did not raise these objections before the trial court, but now asserts plain error for each.

{¶17} As noted, Appellant did not raise the constitutional arguments to the Reagan Tokes Law in the trial court. The "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus.

{¶18} However, we retain the discretion to consider waived constitutional arguments under a plain-error analysis. *State v. Barnhart*, 3d Dist. Putnam No. 12-20-08, 2021-Ohio-2874, ¶ 8, citing *In re M.D.*, 38 Ohio St.3d 149, 151 (1988). Crim.R. 52(B) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). An error qualifies as "plain error" only if it is obvious and but for the error, the outcome of the proceeding clearly would have been otherwise. *Barnhart* at ¶ 8, citing *State v. Yarbrough*, 95 Ohio St.3d 227, 245, 2002-Ohio-2126, ¶ 32. Accordingly, we will consider Appellant's

arguments on appeal under a plain error review. *Accord id.*; *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 6.

*Reagan Tokes Law*

{¶19} The Reagan Tokes Law specifies that where an offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and some or all of the prison terms imposed are to be served consecutively, the maximum prison term shall be equal to the sum of the consecutive minimum and definite terms, plus fifty percent of the longest minimum or definite term for the most serious felony being sentenced. R.C. 2929.144(B). Here, the trial court sentenced Appellant to a four-year minimum prison term for both of his qualifying second-degree felonies. Thus, under the circumstances of this case, Appellant faces a minimum of eight years to a maximum term of ten years in prison.

*Discussion*

{¶20} In addressing the separation of powers issue, this Court has already determined that the indefinite sentencing provisions in the Reagan Tokes Law are not violative of the separation of powers doctrine. *See State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22. Again, we decline to revisit our prior precedent and conclude that Appellant's challenge to the Reagan Tokes Law on the basis that it violates the separation of powers doctrine is without merit. *See Barnhardt* at ¶ 12; *State v. Floyd*, 3d Dist. Marion No. 9-20-44, 2021-Ohio-1935, ¶ 20; *Crawford* at ¶ 10.

{¶21} Appellant also asserts that the Reagan Tokes Law violates due process and his right to a trial by jury. Insofar as this appeal presents a facial challenge to the Reagan Tokes Law on the basis that its text does not set forth sufficient procedural due process protections, we rely on our prior holding in *Hacker*, and find these arguments to be without merit. *Hacker* at ¶ 23; *see also Barnhardt at ¶ 13; Floyd* at ¶ 21; *Crawford* at ¶ 11.

{¶22} We have also previously addressed similar due process arguments and have declined to resolve those claims as not being ripe for review. *See also Crawford* at ¶ 13 (stating "at this time, we do not know if Crawford will ever face such action from the ODRC" and "[w]e also do not know what administrative guidelines will be in place to protect the procedural due process rights of offenders in the future if ODRC ever acts to hold Crawford beyond his presumptive release date"); *State v. Kepling*, 3d Dist. Hancock No. 5-20-23, 2020-Ohio-6888, ¶ 14 (stating "at this point, we cannot even determine whether the ODRC will ever have occasion to hold a hearing to determine whether Kepling should be held beyond his presumptive release date. Similarly, we cannot now determine whether the ODRC will provide Kepling with adequate notice and an opportunity to be heard if a hearing to hold Kepling beyond his presumptive release date is ever held.").

{¶23} Further, in discussing the issue of the right to a trial by jury as not yet being ripe for our consideration, we explained: "At this point, we cannot know if [defendant] will commit violations that might prompt an ODRC hearing to decide whether to hold him past his presumptive release date. This argument does not address a penalty that

[defendant] has already received but is based on contingent events that may or may not arise in the future." *Crawford* at ¶ 15.

{¶24} In conclusion, we rely upon our prior precedent upholding the indefinite sentencing provisions in the Reagan Tokes Law as constitutionally valid and not violative of the separation of powers. Therefore, Appellant has not established plain error in the trial court's determination in this regard. *Accord Barnhardt* at ¶ 15. Moreover, we conclude that the procedural due process and right to a jury trial considerations raised by Appellant are not yet ripe for review. *See id.* As such, we decline to address these issues at this time.

{¶25} For all these reasons, the second assignment of error is overruled.

*Third Assignment of Error*

{¶26} In his third assignment of error, Appellant argues that his trial counsel rendered ineffective assistance by failing to object to the constitutionality of the Reagan Tokes Law.

*Legal Standard*

{¶27} "In order to prove an ineffective assistance of counsel claim, the appellant must carry the burden of establishing (1) that his or her counsel's performance was deficient and (2) that this deficient performance prejudiced the defendant." *State v. McWay*, 3d Dist. Allen No. 1-17-42, 2018-Ohio-3618, ¶ 24, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*Analysis*

{¶28} Having examined the constitutional issues that trial counsel was arguably ineffective for failing to raise, we concluded that Appellant did not identify any defects in the proceedings before the trial court. Therefore, Appellant "cannot demonstrate how the outcome of the proceedings below would have been different 'if his defense counsel had raised * * * challenge[s] before the trial court that ha[ve] since failed on appeal.' " *Crawford,* 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, at ¶ 21, quoting *State v. Lewis*, 3d Dist. Van Wert No. 15-20-04, 2020-Ohio-6894, ¶ 86. For this reason, he cannot carry the burden under *Strickland* of demonstrating prejudice. *Accord Barnhardt at* ¶ 19. Appellant has not established ineffective assistance of trial counsel and his third assignment of error is overruled.

{¶29} Based on the foregoing, the assignments of error are overruled and the judgment and sentence of the Mercer County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**