[Cite as *State v. Bond*, 2022-Ohio-1628.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-08-103 |
| | : | O P I N I O N |
| - vs - | | 5/16/2022 |
| | : | |
| MALAKI BOND, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2021-03-0270

Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for appellant.

**PIPER, J.**

{¶1} Appellant, Malaki Bond, appeals his conviction and sentence in the Butler County Court of Common Pleas following his guilty plea.

{¶2} On March 4, 2021, Bond was charged with three counts of aggravated robbery, first-degree felonies, in violation of R.C. 2911.01(A)(1), with accompanying firearm specifications pursuant to R.C. 2941.145. According to the indictment, Bond and his co-defendants engaged in an ongoing and continuing course of criminal conduct throughout Butler and Hamilton Counties in which they brandished deadly weapons in attempting or

committing theft offenses. Bond initially pled not guilty.

{¶3} On June 9, 2021, Bond appeared with counsel for a change of plea hearing. Pursuant to the terms of the plea agreement, Bond pled guilty to one count of aggravated robbery with its attendant three-year firearm specification and the state dismissed the remaining counts. The assistant prosecutor read the statement of facts, including that the offense was a part of a continuing course of criminal conduct that occurred in both Butler and Hamilton Counties. Bond acknowledged listening carefully to the facts and his counsel had nothing to add pertaining to the assistant prosecutor's recitation of the facts. After reemphasizing Bond's constitutional rights and his understanding of the consequences of waiving his rights and pleading guilty, the court accepted Bond's guilty plea.

{¶4} At the sentencing hearing, the trial court sentenced Bond to an indefinite prison term of a minimum of 11 years to a maximum of 16 and one-half years. In addition, the trial court imposed the mandatory, consecutive three-year prison term for the firearm specification. Bond now appeals his conviction and sentence, raising two assignments of error for review.

{¶5} Assignment of Error No. 1:

{¶6} THE TRIAL COURT ERRED BY FAILING TO OBTAIN A WAIVER AT THE PLEA COLLOQUY OF BOND'S CONSTITUTIONAL RIGHT TO AN IMPARTIAL JURY IN THE COUNTY WHERE HIS OFFENSE WAS COMMITTED.

{¶7} Bond's first assignment of error asserts that prior to accepting Bond's plea of guilty, the trial court erred in failing to obtain a waiver of Bond's constitutional right to a trial with an impartial jury in the county where his offense was committed. We find Bond's assignment of error is without merit.

{¶8} When a defendant enters a guilty plea in a criminal case, the plea must be knowingly, intelligently, and voluntarily made. *State v. Parker*, 12th Dist. Butler No.

CA2018-12-229, 2020-Ohio-414, ¶ 18. "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Ackley*, 12th Dist. Madison No. CA2013-04-010, 2014-Ohio-876, ¶ 8. Crim.R. 11(C)(2) governs the process a trial court must follow to ensure that a guilty plea to a felony charge is knowing, intelligent, and voluntary. *State v. Luttrell*, 12th Dist. Warren No. CA2021-07-062, 2022-Ohio-1148, ¶ 16.

{¶9} According to Crim.R. 11(C)(2):

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a)    Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b)    Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶10} The supreme court has addressed a trial court's compliance with Crim.R. 11(C) and how an appellate court should review a trial court's plea colloquy. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, ¶ 11. In general, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)" i.e., that "the plea would not have otherwise been made." *Id.* at ¶ 16. However, there are two exceptions to this rule: (1) when

the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, and (2) "a trial court's complete failure to comply with a portion of Crim.R. 11(C)." *Id.* at ¶ 15. Under either exception, the defendant is not required to show prejudice. *Luttrell* at ¶ 17.

**{¶11}** There is no dispute that Bond pled guilty to an offense that was among a string of offenses that occurred in Butler and Hamilton Counties. As a result of a plea agreement, Bond pled guilty to a single count with an attached specification while the state dismissed the remaining counts and specifications contained in the indictment. Since Bond pled guilty to aggravated robbery involving a gas station located in Hamilton County, Bond maintains that the trial court should have advised him of a claimed right to a jury trial in the Hamilton County Court of Common Pleas. However, when the offense is one involving a continuing course of criminal conduct spanning several counties such an argument is not supported by any legal authority.

**{¶12}** Interestingly, Bond does not claim that his plea was not knowingly, intelligently, or voluntarily made. Instead, he advances an argument that omits the critical fact that he pled guilty to participating in an ongoing and continuing course of criminal conduct.[1] Bond's argument entwines multiple legal concepts rendering it difficult to untangle. Nevertheless, we can resolve this assignment of error based upon review of the record established in this case.

### Proceedings in Butler County were appropriate

**{¶13}** It is well established that when an offender commits offenses in different

---

1. For example, Bond discusses his right to a jury trial in a different county with almost no elaboration. Under App.R. 16(A)(7), an argument in an appellate brief must present "the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." In this case, there is no development of the claimed constitutional violation.

jurisdictions as part of a continuing course of criminal conduct, he may be tried and convicted for all the offenses in any one jurisdiction in which the offender committed one of the offenses or any element of one of those offenses. R.C. 2901.12(H); *State v. Davis*, 12th Dist. Clinton No. CA2015-12-022, 2017-Ohio-495, ¶ 22; *State v. Workman*, 12th Dist. Clermont Nos. CA2016-12-082 and CA2016-12-083, 2017-Ohio-8638, ¶ 58. *State v. Jordan*, 12th Dist. Warren No. CA2014-04-051, 2015-Ohio-575, ¶ 18. In other words, all the offenses may be tried in any jurisdiction in which the continuing course of criminal conduct occurred without offending the constitutional right to have his jury trial take place where the offense occurred. *State v. Moore*, Slip Opinion No. 2022-Ohio-1460, ¶ 11.

{¶14} The purpose of "course of criminal conduct" venue under R.C. 2901.12(H) is to "effectuate a sensible, efficient approach to justice" while recognizing the "modern mobility of criminals allows them to perform unlawful deeds over vast geographical boundaries." *Id.* at ¶ 20, citing *State v. Draggo*, 65 Ohio St.2d 88, 90 (1981). It promotes judicial economy by allowing the state to "prosecute multiple offenses during one proceeding in one county." *Id.*

{¶15} The supreme court has held there is no constitutional or statutory provision which prohibits a grand jury in one county from indicting a defendant for conduct which occurred in another county as part of a continuing course of criminal conduct. *State v. Jackson*, 141 Ohio St. 3d 171, 2014-Ohio-3707, ¶ 132. In his appellate brief, Bond suggests that this is a "rare case in which the offense was completed in a different county." However, such is not the case. It is not rare at all. In *Workman*, we affirmed the defendant's convictions in Hamilton and Clermont Counties for sexual abuse committed as a continuing course of criminal conduct. *Id.* at ¶ 10-11, 60. In *Davis*, we found the defendant's conviction in Clinton County was appropriate because at least one element of the offense of engaging in a pattern of corrupt activity took place in the county. *Id.* at ¶ 28. In *Jordan*, we found

defendant's convictions in Warren County were proper even though some counts occurred in Butler and Montgomery Counties. *Id.* at ¶ 18.

**{¶16}** On appeal, Bond cites no authority for the proposition that the trial court was required to advise him of a right to a jury trial in a different county after he represented to the court he wanted to change his plea to guilty for one of the offenses upon the state's representation they would dismiss the other charges. Bond merely cites to the staff notes to Crim. R. 11, which are not binding legal authority and only offer general guidance. Significantly, Bond neglects to address R.C. 2901.12(H), which is clearly implicated in the state's indictment containing the offense to which Bond pled guilty.[2]

**{¶17}** The supreme court has long held that R.C. 2901.12 is constitutional and does not deprive an offender of his right to a jury trial under Article I, Section 10 of the Ohio Constitution. *State v. Draggo*, 65 Ohio St.2d 88, 90 (1981); *State v. DeBoe*, 6th Dist. Huron No. H-02-057, 2004-Ohio-403, ¶ 38. In *DeBoe*, the defendant argued that R.C. 2901.12 was unconstitutional and that the Huron County Court of Common Pleas erred by not dismissing the counts that were allegedly committed in Lucas County. *Id.* at ¶ 36. As in this case, the offense was committed as part of a continuing course of criminal conduct. *Id.* at ¶ 56. The Sixth District rejected the appellant's argument finding that R.C. 2901.12 did not deprive an offender of their right to a jury trial and the statute was not incompatible with the Ohio Constitution. *Id.* at ¶ 38.

**{¶18}** In this case, the state alleged that Bond and his codefendants engaged in an ongoing and continuing course of criminal conduct that occurred in both Butler and Hamilton Counties. During the plea colloquy, the state read the statement of facts concerning the

---

2. In exchange for the plea on one count with a specification, the state would subsequently dismiss two other counts and specifications. At the time of Bond's plea, the multiple charges established Butler and Hamilton as the counties where the ongoing and continuing offenses occurred, clearly not in violation of Article I, Section 10 of the Ohio Constitution. *See Moore*, 2022-Ohio-1460 at ¶ 21-22.

ongoing and continuing course of criminal conduct across both counties. Accordingly, the record plainly establishes that Bond pled guilty to an offense in Hamilton County involving an ongoing and continuing course of criminal conduct in both Butler and Hamilton Counties. In other words, Bond's plea of guilty to the statement of facts read by the assistant prosecutor acknowledged jurisdiction was proper in both Butler and Hamilton Counties. R.C. 2901.12(H). *See also, State v. Buoni*, 10th Dist. Franklin Nos. 11AP-111, 11AP-148, and 11AP-149, 2011-Ohio-6665, ¶ 12 (plea of guilty in Franklin County for crimes committed in Delaware County was appropriate where the crimes committed in Delaware County were part of a continuing course of criminal conduct ending in Franklin County); *State v. Fort*, 8th Dist. Cuyahoga No. 80604, 2002-Ohio-5068, ¶ 48 (appellant precluded from challenging counts that occurred in Summit County because he pled guilty in Cuyahoga County to engaging in a continuing course of criminal conduct in both counties). When an offense results from a continuing course of criminal conduct involving multiple counties, no case law suggests a defendant possesses the right to choose the jurisdiction where he will enter his guilty plea or, if not waiving his right to trial, in which county his trial will be held. Any suggestion that Bond had a right to be prosecuted, and have a jury trial, in Hamilton County is incorrect and unsupported by the law. *Jackson*, 2014-Ohio-3707 at ¶ 132.

**Plea Colloquy**

{¶19} Furthermore, a thorough review of the record reveals that the trial court advised Bond of all the constitutional requirements of Crim.R. 11(C)(2)(c), there was no "complete failure" of any portion of Crim. R. 11(C), and his plea was knowing, voluntary, and intelligent. *Luttrell*, 2022-Ohio-1148 at ¶ 17. Bond cannot dispute this, but instead argues that the trial court erred by failing to obtain a waiver of his right to a jury trial *specifically* in Hamilton County—a right that does not exist. On the other hand, the record reflects that Bond was well-aware that he was waiving his right to a jury trial—a

constitutional right that he did have.   At the change of plea hearing, Bond appeared with his attorney along with one of his codefendants.   During the plea colloquy with Bond and a codefendant, the trial court stated:

> THE COURT: Now, it's my understanding that each of you wishes to change your plea to guilty.  That each of you today, by pleading guilty, wish to waive or give up your right to a trial is that right?
>
> * * *
>
> BOND: Yes, sir.
>
> * * *
>
> THE COURT: Now, do you gentlemen each understand that if you plead guilty, for each of you, that's a complete admission of your guilt?
>
> * * *
>
> BOND: Yes, sir.
>
> * * *
>
> THE COURT: Do you understand, gentlemen, that if you plead guilty, you'll be forever giving up your right to a trial and all your constitutionally guaranteed trial right; do you understand that gentlemen?
>
> * * *
>
> BOND: Yes, sir.

The trial court confirmed that Bond was making his plea voluntarily and that he understood the maximum penalty involved.  The trial court made sure Bond understood the effect of his guilty plea.  The trial court also explained all of the rights Bond was waiving by pleading guilty, including his right to a 12-person jury trial, to confront witnesses, to have compulsory process, and the state's burden of proof.  The trial court's plea colloquy was comprehensive and exhaustive.  Following continued discussion of the rights being waived, Bond entered his guilty plea, which was then accepted by the trial court.   Once Bond knowingly,

voluntarily, and intelligently waived his right to a jury trial for ongoing and continuing criminal conduct involving both Butler and Hamilton Counties, the robbery's location contributed to no constitutional violation nor any prejudice. Accordingly, we find no constitutional infirmity in Bond's guilty plea. Bond's first assignment of error is overruled.

{¶20} Assignment of Error No. 2:

{¶21} BOND'S REAGAN TOKES SENTENCE WAS UNLAWFUL.

{¶22} In his second assignment of error, Bond argues that his sentence was unlawful. He also alleges the indefinite sentencing scheme set forth in the Reagan Tokes Law is unconstitutional and that his attorney was ineffective by not challenging the constitutionality of those provisions and failing to preserve the issue for appeal.

{¶23} Under the Reagan Tokes Law, qualifying first- and second-degree felonies committed on or after March 22, 2019, are now subject to the imposition of indefinite sentences. *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 9. The indefinite terms consist of a minimum term selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A) and a maximum term determined by a statutory formula set forth in R.C. 2929.144. *State v. Tutt*, 12th Dist. Preble No. CA2020-02-002, 2021-Ohio-96, ¶ 10. The maximum term equals the minimum term imposed on the offender plus 50 percent of that term. *Hodgkin* at ¶ 9.

{¶24} An offender sentenced under the Reagan Tokes Law has a rebuttable presumption of release at the conclusion of the offender's minimum term. R.C. 2967.271(B). "However, the Ohio Department of Rehabilitation and Correction ("ODRC") may rebut that presumption of release if it finds, at a hearing, that any of the factors set forth in R.C. 2967.271(C)(1), (2), and (3) apply." *State v. Rogers*, 12th Dist. Butler No. CA2021-02-010, 2021-Ohio-3282, ¶ 9. If the ODRC rebuts the presumption, it may keep the offender in prison for an additional "reasonable period," but the additional time "shall not exceed the

offender's maximum prison term."  R.C. 2967.271(C).

## Imposition of the indefinite prison term

{¶25}  In the case at bar, Bond pled guilty to one count of aggravated robbery with an accompanying three-year firearm specification for an offense committed after March 22, 2019.  The stated minimum term for that offense is "three, four, five, six, seven, eight, nine, ten, or eleven years."  R.C. 2929.14(A).  The stated maximum is then determined by the statutory formula, which is 50 percent of the minimum term imposed.

{¶26}  The trial court sentenced Bond to an indefinite prison term of 11 years to 16 and one-half years.  That is the 11-year minimum term imposed with the appropriate calculation of the maximum term.  The trial court also imposed a mandatory and consecutive term of imprisonment of three years on the specification.  Pursuant to R.C. 2929.14(C)(1)(a), the specification must be served prior to the sentence for the underlying offense.  Therefore, Bond will not begin serving the indefinite prison term until he has completed the prison term on the specification.

{¶27}  Following review, we find the trial court did not err in its sentencing decision. The trial court appropriately calculated the indefinite sentence and imposed the specification in accordance with Ohio sentencing law.  The trial court did not err in this regard and any argument to the contrary is without merit.

## Constitutional arguments concerning Reagan Tokes Law

{¶28}  Bond also argues that the Reagan Tokes Law is unconstitutional.  However, Bond did not raise a challenge to the constitutionality of the Reagan Tokes Law with the trial court.  As this court has repeatedly stated, "arguments challenging the constitutionality of the Reagan Tokes Law are forfeited and will not be heard for the first time on appeal in cases where the appellant did not first raise the issue with the trial court."  *State v. Blaylock*, 12th Dist. Butler No. CA2020-11-113, 2021-Ohio-2631, ¶ 7, citing *Hodgkin*, 2021-Ohio-

1353, ¶ 11; *State v. Teasley*, 12th Dist. Butler No. CA2020-01-001, 2020-Ohio-4626, ¶ 9; *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8-9; *State v. Roberson*, 12th Dist. Warren No. CA2021-01-003, 2021-Ohio-3705, ¶ 39-40.

{¶29} This court has consistently declined to hear arguments challenging the constitutionality of the Reagan Tokes Law in cases where the party failed to first raise it in the trial court. *State v. Lee*, 12th Dist. Warren No. CA2021-05-047, 2022-Ohio-248, ¶ 35. Accordingly, consistent with this court's precedent, Bond's arguments are overruled.

{¶30} In addition, Bond claims that his trial counsel was ineffective for not challenging the constitutionality of the Reagan Tokes Law. This court, however, has considered identical arguments and held that "[t]rial counsel's failure to raise the constitutionality of the Reagan Tokes Law, an argument which has proven unsuccessful in this and other districts, does not constitute ineffective assistance." *State v. Abner*, 12th Dist. Warren No. CA2021-05-048, 2021-Ohio-4549, ¶ 25; *Hodgkin* at ¶ 18. Therefore, Bond's trial counsel did not provide ineffective assistance of counsel. Bond's second assignment of error lacks merit and is overruled.

{¶31} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.