[Cite as *State v. Rojas*, 2022-Ohio-2333.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | | |
| Appellee, | : | | CASE NO. CA2021-11-013 |
| | : | | O P I N I O N |
| - vs - | | | 7/5/2022 |
| | : | | |
| ROSALINDA CAROL ROJAS, | : | | |
| Appellant. | : | | |

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 21 CR 13712

Martin P. Votel, Preble County Prosecuting Attorney, and Kathryn M. West, Assistant Prosecuting Attorney, for appellee.

Office of the Ohio Public Defender, and Charlyn Bohland, Assistant State Public Defender, for appellant.

**S. POWELL, J.**

{¶ 1} Appellant, Rosalinda Carol Rojas, appeals from her conviction in the Preble County Court of Common Pleas after she pled guilty to one count of second-degree felony felonious assault. For the reasons outlined below, and considering appellee, the state of Ohio, concedes error as it relates to Rojas' first assignment of error, we affirm Rojas'

conviction in part, reverse Rojas' conviction in part, and remand this matter to the common pleas court for further proceedings consistent with this opinion.

{¶ 2} On July 20, 2021, the state filed a complaint with the Preble County Court of Common Pleas, Juvenile Division, alleging the then 17-year-old Rojas was a delinquent child for committing acts that if charged as an adult would constitute one count of first-degree felony attempted murder, two counts of second-degree felony felonious assault, and one count of first-degree misdemeanor assault. The charges arose after Rojas used a machete to attack the victim, T.A.D.D., at a campsite in Hueston Woods State Park on the evening of July 15, 2021. Following the attack, T.A.D.D. underwent a successful four-hour surgery to treat several deep, life-threatening injuries to her legs, arms, chest, and head. There appears to be no dispute that prior to the attack Rojas used LSD and that Rojas was under the influence of the drug (and possibly hallucinating) at the time of the attack.

{¶ 3} Shortly after the state filed its complaint, the state also filed a motion for mandatory bindover to the common pleas court so that Rojas could be prosecuted as an adult. The state's motion was filed in accordance with R.C. 2152.12(A)(1)(a)(i). Pursuant to that statute, if a complaint is filed alleging a child is a delinquent child for committing acts that if charged as an adult would constitute attempted murder, such as the case here, the juvenile court must transfer the "case" so that the child can be prosecuted as an adult if "[t]he child was sixteen or seventeen years of age at the time of the act charged and there is probable cause to believe that the child committed the act charged." "And although felonious assault * * * would normally be a discretionary-bindover offense under R.C. 2152.10, because it was filed as part of the same 'case' the statute requires transfer of that charge as well." *State v. Echols*, 10th Dist. Franklin No. 19AP-587, 2021-Ohio-4193, ¶ 16. The same would be true for a charge assault where that offense is also charged as part of that "case."

- 2 -

{¶ 4} On July 28, 2021, the juvenile court held a probable cause hearing on the state's motion for mandatory bindover to the common pleas court. Following this hearing, on August 2, 2021, the juvenile court issued an entry granting the state's motion upon finding (1) Rojas was 17 years old at the time of the attack and (2) that there was probable cause to believe Rojas committed all the acts making up the four charges offenses set forth above. That same day, the Preble County Grand Jury returned an indictment charging Rojas with one count of first-degree felony attempted murder. Appearing before the common pleas court, Rojas entered a not guilty plea to that charge on August 9, 2021 and bond was set at $25,000. The common pleas court then scheduled the matter for a jury trial to be held on September 27, 2021.

{¶ 5} On September 22, 2021, five days before that trial was scheduled to begin, the common pleas court held a change of plea hearing. During this hearing, Rojas entered a guilty plea to a reduced charge of one count of second-degree felony felonious assault. The common pleas court accepted Rojas' guilty plea upon finding the plea was knowingly, intelligently, and voluntarily entered.

{¶ 6} On October 11, 2021, the common pleas court held a sentencing hearing and sentenced Rojas to an indefinite sentence of a minimum six years in prison to a maximum possible nine years in prison. The common pleas court imposed this sentence in accordance with the recently enacted Reagan Tokes Law, Ohio's indefinite sentencing structure set forth in R.C. 2967.271. The common pleas court also ordered Rojas to pay court costs and restitution to the victim, T.A.D.D., in the amount of $3,303.19.

{¶ 7} On November 10, 2021, Rojas filed a timely notice of appeal. Rojas' appeal now properly before this court for decision, Rojas has raised three assignments of error for review.

{¶ 8} Assignment of Error No. 1:

- 3 -

{¶ 9} THE CRIMINAL COURT ERRED WHEN IT FAILED TO SENTENCE ROSALINDA ROJAS IN ACCORDANCE WITH R.C. 2152.121.

{¶ 10} In her first assignment of error, Rojas argues the common pleas court committed plain error by failing to adhere to the reverse-bindover procedures set forth in R.C. 2152.121. The state concedes, and we agree, that Rojas' argument has merit. This is because, as the record indicates, the common pleas court did not apply the reverse-bindover procedures set forth in R.C. 2152.121(B)(3) to the case at bar when it should have. "[T]he procedures set forth in R.C. 2152.121 are clear and unambiguous, and the adult court does not have the discretion to ignore its mandates." *State v. Ferguson*, 2d Dist. Montgomery No. 27032, 2017-Ohio-7930, ¶ 90. This necessarily means that "[a] trial court's failure to follow the plain language of R.C. 2152.121 constitutes plain error." *State v. Mack*, 7th Dist. Mahoning No. 14 MA 82, 2015-Ohio-4148, ¶ 15. Therefore, because a common pleas court's failure to follow the plain language of R.C. 2152.121 constitutes plain error, and because there is no dispute that the common pleas court did not apply the reverse-bindover procedures set forth in R.C. 2152.121(B)(3) to the case at bar when it should have, Rojas' conviction must be reversed to the extent outlined above and remanded back to the common pleas court for consideration and application of R.C. 2152.121 to this case. Rojas' conviction in all other respects is affirmed. Accordingly, Rojas' first assignment of error has merit and, to the extent stated above, is sustained.

{¶ 11} Assignment of Error No. 2:

{¶ 12} ROSALINDA ROJAS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND ARTICLE I, SECTION 10, OHIO CONSTITUTION.

{¶ 13} In her second assignment of error, Rojas argues she received ineffective assistance of counsel when her trial counsel failed (1) to inform the common pleas court

- 4 -

about the reverse-bindover procedures set forth in R.C. 2152.121 and (2) object when the common pleas court "did not stay [her] sentence and transfer her case to the juvenile court in accordance with those procedures." However, given our holding above in Rojas' first assignment of error, Rojas' ineffective assistance of counsel claim has been rendered moot. *See, e.g., State v. Abdullah*, 7th Dist. Mahoning Nos. 19 MA 0011 and 19 MA 0012, 2020-Ohio-4813, ¶ 36 ("when the trial court commits plain error in failing to properly sentence an offender pursuant to R.C. 2152.121, a claim of ineffective assistance of trial counsel is rendered moot"); and *State v. Grant*, 9th Dist. Summit No. 29259, 2019-Ohio-3561, ¶ 11 (ineffective assistance of counsel claim based on counsel's failure to inform or apprise the trial court of R.C. 2152.121 was rendered moot where the appellate court had already decided to remand the matter to apply R.C. 2152.121). Therefore, because Rojas' ineffective assistance of counsel claim is now moot, Rojas' second assignment of error is dismissed.

{¶ 14} Assignment of Error No. 3:

{¶ 15} BECAUSE THE REAGAN TOKES ACT VIOLATES THE OHIO AND U.S. CONSTITUTIONS, ROSALINDA ROJAS'S SENTENCE IS CONTRARY TO LAW.

{¶ 16} In her third assignment of error, Rojas argues the common pleas court's decision sentencing her to serve an indefinite sentence of a minimum six years in prison to a maximum nine years in prison pursuant to the Reagan Tokes Law, Ohio's indefinite sentencing structure set forth in R.C. in R.C. 2967.271, is unconstitutional. This is because, according to Rojas, the Reagan Tokes Law violates her right to a jury trial, the separation-of-powers doctrine, and runs afoul of her due process rights. Rojas, however, did not first raise this issue with the common pleas court. As this court has repeatedly held, "arguments challenging the constitutionality of the Reagan Tokes Law are forfeited and will not be heard for the first time on appeal in cases where the appellant did not first raise the issue with the

- 5 -

trial court." *State v. Blaylock*, 12th Dist. Butler No. CA2020-11-113, 2021-Ohio-2631, ¶ 7; *see also State v. Lee*, 12th Dist. Warren No. CA2021-05-047, 2022-Ohio-248, ¶ 34-35; and *State v. Bond*, 12th Dist. Butler No. CA2021-08-103, 2022-Ohio-1628, ¶ 28-29. Therefore, given this court's consistent precedent declining to hear arguments challenging the constitutionality of the Reagan Tokes Law in cases where the issue was not raised below, Rojas' third assignment of error lacks merit and is overruled.[1]

{¶ 17} Judgment affirmed in part, reversed in part, and remanded.

PIPER, P.J., and HENDRICKSON, J., concur.

---

1. We note that, even if Rojas had not waived this issue by raising a constitutional challenge to the Reagan Tokes Law below, all of Rojas' arguments have previously been considered and rejected by this court. *See State v. Bloodworth*, 12th Dist. Warren No. CA2021-08-073, 2022-Ohio-1899, ¶ 50, citing *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 7-17 (the Reagan Tokes Law does not run afoul of an offender's due process rights); *State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465, ¶ 25 (the Reagan Tokes Law does not violate the separation-of-powers doctrine); and *State v. Rogers*, 12th Dist. Butler No. CA2021-02-010, 2021-Ohio-3282, ¶ 20 (the Reagan Tokes Law does not impinge on an offender's constitutional right to a jury trial).