[Cite as *State v. McClendon*, 2022-Ohio-2830.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-08-075 |
| | : | O P I N I O N |
| - vs - | | 8/15/2022 |
| | : | |
| KYLE LAMONT McCLENDON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20CR37284

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Bryan S. Hicks, for appellant.

**S. POWELL, J.**

{¶ 1} Appellant, Kyle Lamont McClendon, appeals from his conviction in the Warren County Court of Common Pleas after a jury found him guilty of one count of first-degree felony involuntary manslaughter and one count of fourth-degree felony extortion. For the reasons outlined below, we affirm McClendon's conviction.

{¶ 2} On September 28, 2020, a Warren County Grand Jury returned an indictment

charging McClendon with, among other things, one count of first-degree felony involuntary manslaughter and one count of fourth-degree felony extortion. The charges arose after McClendon was involved in a fight while incarcerated at the Lebanon Correctional Institution in Lebanon, Warren County, Ohio that resulted in the death of another inmate. The matter proceeded to a four-day jury trial commencing on June 7, 2021. Following deliberations, the jury returned a verdict finding McClendon guilty of both of the above-named offenses.

{¶ 3} On July 19, 2021, the trial court held a sentencing hearing where it merged the two offenses as allied offenses of similar import. Upon the state's election, the trial court then sentenced McClendon on the first-degree felony involuntary manslaughter charge to an indefinite term of a minimum 11 years to a maximum 16-and-one-half years in prison to be served consecutively to the prison sentences McClendon was currently serving. The trial court imposed this sentence pursuant to the recently enacted Reagan Tokes Law, Ohio's indefinite sentencing structure set forth in R.C. 2967.271. The trial court also notified McClendon that he would be subject to a mandatory five-year postrelease control term following his release from prison and of the consequences McClendon faced should he violate the terms of his postrelease control.

{¶ 4} On August 16, 2021, McClendon filed a timely notice of appeal. Oral argument on the matter was held before this court on July 11, 2022. McClendon's appeal now properly before this court for decision, McClendon raises three assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE [POSTRELEASE CONTROL] NOTIFICATIONS WERE INACCURATE.

{¶ 7} In his first assignment of error, McClendon argues the trial court erred in its postrelease control notifications when it "misinformed" him at sentencing that, if he violated the terms of his postrelease control, he could be returned to prison in nine-month

Warren CA2021-08-075

increments in accordance with R.C. 2943.032(A). However, based on that statute's plain language, the trial court is only required to give that notification to a defendant "prior to accepting [the defendant's] guilty plea or a plea of no contest to an indictment, information or complaint" that charges the defendant with a felony offense. *See State v. Trammell*, 5th Dist. Stark No. 2015 CA 00151, 2016-Ohio-1317, ¶ 17 (noting that R.C. 2943.032[A] "applies to issues of plea colloquies, not issues of improperly imposed post-release control" at sentencing).

{¶ 8} This court is required to apply the law as written. *State v. Bryant*, 160 Ohio St.3d 113, 2020-Ohio-1041, ¶ 12 ("[i]f the statutory language is clear and unambiguous, we apply it as written, giving effect to its plain meaning"). We must therefore decline McClendon's invitation to extend the postrelease control notifications set forth under R.C. 2943.032(A) to sentencing. *See State v. Lasure*, 3d Dist. Mercer 10-21-08, 2022-Ohio-650, ¶ 14 ("[w]hile [a]ppellant attempts to extend the post release control notification requirements codified in R.C. 2929.19, he fails to point to any statutory requirement that the trial court notify an offender of the implications of R.C. 2943.032[A] at sentencing").

{¶ 9} Rather than the notification requirements set forth in R.C. 2943.032(A), it was instead the notification requirements set forth under R.C. 2929.19(B)(2)(f) that applied at sentencing. Pursuant to that statute:

> (B)(2) Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
>
> * * *
>
> (f) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(2)(d) or (e) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally

- 3 -

imposed upon the offender as the offender's stated prison term or up to one-half of the minimum prison term originally imposed upon the offender as part of the offender's stated non-life felony indefinite prison term.

{¶ 10} In this case, a simple review of the record firmly establishes that the trial court accurately notified McClendon of postrelease control as required by R.C. 2929.19(B)(2)(f) when the trial court stated, in pertinent part, the following:

You're also subject to an – a mandatory period of post-release control, which means upon your release from prison on this case, the Adult Parole Authority will supervise you for a period of – a maximum term of five years.

If you violate the terms of that supervision, you can be returned to prison for up to one-half of the Court's original sentence -- original minimum term sentence.

If your violation is that you commit another felony, you can be returned to prison for one year, or the period that you have left on PRC, whichever of those is longer. That time would automatically run consecutive to any additional prison time that you're sentenced to.

Therefore, because the trial court accurately notified McClendon of postrelease control as required by R.C. 2929.19(B)(2)(f), McClendon's claim that the trial court's postrelease control notifications were inaccurate lacks merit. Accordingly, finding no merit to any of the arguments raised herein, McClendon's first assignment of error is overruled.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE IMPOSITION OF AN INDEFINITE SENTENCE UNDER REAGAN TOKES IS UNCONSTITUTIONAL.

{¶ 13} In his second assignment of error, McClendon argues the trial court's decision sentencing him to an indefinite term of a minimum 11 years to a maximum 16-and-one-half years in prison pursuant to the Reagan Tokes Law, Ohio's indefinite sentencing structure set forth in R.C. 2967.271, was unconstitutional. This is because, according to McClendon, the Reagan Tokes Law violates his right to a jury trial, the separation-of-powers doctrine,

and runs afoul of his due process rights. McClendon, however, did not raise this issue with the trial court. As this court has repeatedly held, "arguments challenging the constitutionality of the Reagan Tokes Law are forfeited and will not be heard for the first time on appeal in cases where the appellant did not first raise the issue with the trial court." *State v. Blaylock*, 12th Dist. Butler No. CA2020-11-113, 2021-Ohio-2631, ¶ 7; *see also State v. Lee*, 12th Dist. Warren No. CA2021-05-047, 2022-Ohio-248, ¶ 34-35; *State v. Bond*, 12th Dist. Butler No. CA2021-08-103, 2022-Ohio-1628, ¶ 28-29; and *State v. Rojas*, 12th Dist. Preble No. CA2021-11-013, 2022-Ohio-2333, ¶ 16. Therefore, given this court's consistent precedent declining to hear arguments challenging the constitutionality of the Reagan Tokes Law in cases where the issue was not first raised with the trial court, McClendon's second assignment of error lacks merit and is overruled.[1]

{¶ 14} Assignment of Error No. 3:

{¶ 15} TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHICH HARMED MR. MCCLENDON.

{¶ 16} In his third assignment of error, McClendon argues he received ineffective assistance of counsel when his trial counsel did not raise a constitutional challenge to the Reagan Tokes Law at sentencing. This court, however, has considered this exact same argument several times before and held each time that "[t]rial counsel's failure to raise the constitutionality of the Reagan Tokes Law, an argument which has proven unsuccessful in this and other districts, does not constitute ineffective assistance." *State v. Abner*, 12th

---

1. We note that, even if McClendon had not waived this issue by raising a constitutional challenge to the Reagan Tokes Law below, we find the underlying premise behind each of McClendon's arguments has already been considered and rejected by this court. *See State v. Bloodworth*, 12th Dist. Warren No. CA2021-08-073, 2022-Ohio-1899, ¶ 50, citing *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 7-17 (the Reagan Tokes Law does not run afoul of an offender's due process rights); *State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465, ¶ 25 (the Reagan Tokes Law does not violate the separation-of-powers doctrine); and *State v. Rogers*, 12th Dist. Butler No. CA2021-02-010, 2021-Ohio-3282, ¶ 20 (the Reagan Tokes Law does not impinge on an offender's constitutional right to a jury trial).

- 5 -

Dist. Warren No. CA2021-05-048, 2021-Ohio-4549, ¶ 25; *see also State v. Luttrell*, 12th Dist. Warren No. CA2021-07-062, 2022-Ohio-1148, ¶ 30 ("This court, however, has already determined that trial counsel's failure to raise the constitutionality of the Reagan Tokes Law, an argument which has proven unsuccessful in this and other districts, does not constitute ineffective assistance"); *State v. Roberson*, 12th Dist. Warren No. CA2021-01-003, 2021-Ohio-3705, ¶ 43 ("We find that trial counsel was not ineffective for failing to challenge the constitutionality of the Reagan Tokes Law"); and *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 18 ("Trial counsel's failure to raise the constitutionality of the Reagan Tokes Law, an argument which has proven unsuccessful in this and other districts, does not constitute ineffective assistance").

{¶ 17} Several other appellate courts have held the same. *See State v. McNear*, 8th Dist. Cuyahoga No. 111007, 2022-Ohio-2365, ¶ 17 ("Moreover, this court has held that a defense counsel's failure to object does not prejudice the defendant so as to deprive the defendant of a fair trial because the Reagan Tokes Law is constitutional. * * * Therefore, an appellant cannot show prejudice even if we were to assume deficient performance"); *State v. Wallace*, 5th Dist. Muskingum No. CT2021-0043, 2022-Ohio-2352, ¶ 24 ("Because we have found [the Reagan Tokes Law] is constitutional, Appellant cannot demonstrate prejudice from counsel's failure to raise the claim in the trial court"); and *State v. Davis*, 3d Dist. Auglaize No. 2-21-10, 2022-Ohio-1900, ¶ 17 ("Having examined the constitutional arguments [challenging the constitutionality of the Reagan Tokes Law] that trial counsel was arguably ineffective for failing to raise, we concluded that Appellant did not identify any defects in the proceedings before the trial court. * * * For this reason, he cannot carry the burden under *Strickland* of demonstrating prejudice").

{¶ 18} Therefore, because this and several other appellate courts have already determined that a defendant's trial counsel is not ineffective for failing to raise a

constitutional challenge to the Reagan Tokes Law with the trial court, McClendon's third assignment of error lacks merit and is overruled. In so holding we find it important to note that, should the Ohio Supreme Court issue a decision finding the Reagan Tokes Law unconstitutional, "appellate counsel's act of raising the issue in this court has preserved it for any further appeal." *State v. Leamman*, 2d Dist. Champaign Nos. 2021-CA-30 and 2021-CA-35, 2022-Ohio-2057, ¶ 14. We believe McClendon would also have the ability to raise this issue via a petition for postconviction relief under R.C. 2953.21. This is because, pursuant to R.C. 2953.21(K), the filing of a petition for postconviction relief is "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case * * *." Accordingly, because McClendon would have the opportunity to raise the issue again should the Ohio Supreme Court ultimately decide the Reagan Tokes Law is unconstitutional, "we see no prejudice to [McClendon] to support an ineffective-assistance claim." *Leamman*.

**{¶ 19}** Judgment affirmed.

PIPER, P.J., and BYRNE, J., concur.